Ruth HAASE, as Executrix of the Estate of John Haase, Jr., et al., Plaintiffs,

v.

MALLENKRODT, INC., et al., Defendants.

MALLENKRODT, INC., Third-Party Plaintiff,

v.

CONSTRUCTION DIVISION, ENGINEERS, INC., Third-Party Defendant.

No. 75 Civ. 3127 (MP).

United States District Court, S. D. New York.

July 9, 1976.

Harry H. Lipsig, New York City by Jay W. Dankner, New York City, for plaintiffs.

Barry, McTiernan, Moore & Siracuse, New York City by John J. Moore, New York City, for defendant (Mallenkrodt, Inc.).

Lester, Schwab, Katz & Dwyer, New York City by Michael N. Block, New York City, for defendants (Sybron Corp., Pfaudler Co., and Permutit Co., Inc.).

## OPINION

POLLACK, District Judge.

This is a wrongful death and personal injury action arising from an industrial ac-

**890**

cident which occurred in Jersey City, New Jersey. The defendants Sybron Corporation, Pfaudler Company, and Permutit Company, Inc. have moved for an order dismissing the complaint under Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction, and in the alternative for an order transferring the action to the District Court of New Jersey pursuant to 28 U.S.C. § 1404(a). The defendant Mallenkrodt, Inc., has also moved for a transfer.

■ The motions to transfer the suit to the District of New Jersey are granted for the reasons which appear hereafter. The motion to dismiss the action is denied.[1]

■ Section 1404(a) of Title 28, U.S.C., provides that a District Court may transfer any civil action to any other District in which venue would be proper where a transfer would serve "the convenience of parties and witnesses" and promote "the interest of justice." There is no doubt that venue of this action would properly lie in the District of New Jersey under 28 U.S.C. § 1391(a). There is similarly no doubt that defendants have met their burden to show that a transfer to that forum would serve the interests of justice.

This suit arises from an accident which occurred at the plant of the defendant Mallenkrodt, Inc. located in Jersey City, New Jersey. The plaintiffs reside in New Jersey, and plaintiff John Haase III was taken for medical treatment to a hospital in New Jersey, and later received assistance at another New Jersey medical facility. The accident was investigated by the police department of Jersey City and by a federal safety inspector who was and is stationed in New Jersey. All the witnesses of the accident scene are residents of New Jersey. Finally, both the defendant Mallenkrodt and the third-party defendant which allegedly installed the malfunctioning equipment are located in New Jersey. In con-

trast to these manifestations of the instant controversy's close relationship to the New Jersey forum, there is not a single connection between this action and any person or place residing or located in the Southern District of New York.

■ In these circumstances, plaintiffs' choice of forum, which is ordinarily entitled to some deference in the determination of a motion to transfer, see A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2d Cir. 1966), deserves little, if any, respect. See, e. g., Leinberger v. Webster, 66 F.R.D. 28, 34 (E.D.N.Y.1975); Duplan Corp. v. Deering Milliken, Inc., 324 F.Supp. 102, 104 (S.D.N.Y.1970); Ryer v. Harrisburg Kohl Bros., Inc., 307 F.Supp. 276 (S.D.N.Y.1969). It is far outweighed by the public interest in assuring that "localized controversies [are] decided at home," Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), and in safeguarding this District from congestion with controversies whose only New York contact is the location of counsel's offices. Cf. Xerox Corp. v. Litton Industries, Inc., 353 F.Supp. 412, 415–16 (S.D.N.Y.1973).

The argument of plaintiff that the parties and witnesses would not be unduly inconvenienced if the action were retained in this Court is of little significance on the facts of this case, since "[p]roximity to the forum is not . . . a sole or controlling consideration . . . if we were to so hold residents of Jersey City, Hoboken and neighbouring cities would all find it more convenient to sue in this court instead of the District Court of New Jersey," Banachowski v. Atlantic Refining Co., 84 F.Supp. 444, 445 (S.D.N.Y.1949).

Plaintiffs' insistence that the action should not be transferred because it will be placed on the trial calendar more quickly in the Southern District than in the District of

---

1. Since this motion was filed, plaintiffs have voluntarily discontinued their action pursuant to Fed.R.Civ.P. 41(a)(1) against the defendant Permutit Company, Inc., the party whose presence in the suit apparently destroyed the complete diversity of citizenship required by 28 U.S.C. § 1332. Since Permutit Company, Inc.

is not an indispensable party, its removal is both appropriate and sufficient to assure the requisite diversity among the remaining parties, and accordingly this Court has subject matter jurisdiction over the controversy. See Kerr v. Compagnie de Ultramar, 250 F.2d 860, 863 (2d Cir. 1958).

New Jersey is entitled to little weight, in light of the 20 months plaintiffs delayed before bringing suit and the leisurely pace with which they have prosecuted the action in the year it has been pending in this forum.

Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied, and the motions to transfer the action to the District of New Jersey are granted. The Clerk is hereby directed forthwith to forward a certified copy of this opinion and order and of the docket entries in the case and all originals of all other papers on file herein to the United States District Court for the District of New Jersey at Newark, New Jersey.

SO ORDERED.