**PRENTICE–HALL CORPORATION SYSTEMS, INC., Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**No. 77 Civ. 3796 (KTD).**

United States District Court, S. D. New York.

Jan. 9, 1979.

Mark J. Lawless, New York City, of counsel, for plaintiff.

Brady, Tarpey, Hoey, P.C., New York City, for defendant; Thomas F. McQueeney, Michael W. O'Sullivan, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

This is an action to enforce an indemnity agreement between plaintiff Prentice-Hall Corporation Systems, Inc., [hereinafter referred to as "PHCS"], the indemnitee, and Insurance Company of North America, [hereinafter referred to as "INA"], the indemnitor. Defendant INA has moved, pursuant to 28 U.S.C. § 1404(a), for an order transferring the action to the Northern District of Florida. Plaintiff opposes this motion and has cross-moved for summary judgment.

Plaintiff is a Delaware Corporation in the business of assisting counsel in matters relating to corporate organization, qualification and representation. Affidavit of John F. Byrne, May 22, 1978, at 4. As part of this business plaintiff is designated the statutory agent for receipt of process for many of its corporate clients. Where plaintiff has no offices in a particular state it is sometimes necessary for it to retain local representatives to receive and transmit such process. One such local representative was John D. Buchanan, Esq. who was retained by plaintiff to act as its Florida agent for receipt of process.

Plaintiff and defendant were parties to a blanket liability policy which protected *inter alia* against possible failures

on the part of the Insured's servants, officers, employees or attorneys or agents to note and record and/or transmit to the [corporations by whom the insured is employed] any summons, complaint . . or other papers in a lawsuit involving said corporation . . . .[1]

See Affidavit of Daniel Prives, July 5, 1978, Exhibit A. This policy was effective during the relevant time period herein.

One of plaintiff's corporate clients was Sterling Drug, Inc. On or about November 21, 1972, John D. Buchanan was served with a summons and complaint in the action of *Wright v. Sterling Drug, Inc.* However, Sterling never received notice of the action and a default judgment was entered against it in the amount of $500,000. When it learned of the judgment, Sterling notified plaintiff and retained Robert F. Nunez, Esq. to vacate the default. Plaintiff, after consulting with representatives of defendant, also retained counsel to assist in Mr. Nunez's efforts which were ultimately successful. *Wright v. Sterling Drug, Inc.,* 342 So.2d 503 (Fla.1977). The Supreme Court of Florida confirmed the trial court's finding that the failure to transmit the process was due to a mistake by one of PHCS's employees and hence constituted excusable neglect on Sterling's part.

Thereafter, plaintiff submitted to defendant its claims for the legal fees incurred by Sterling and itself in vacating the default. Defendant refused to honor these claims asserting that they fell without the coverage of the policy. Specifically, defendant argues that plaintiff's retention of counsel

1. Endorsement # 5 to the Blanket Liability Policy between the parties provides:

STATUTORY REPRESENTATION COVERAGE

It is agreed to indemnify Prentice-Hall, Inc. and any Subsidiary and Affiliated Company as statutory agents hereinafter called the Insured, and any corporation by whom the Insured may be employed in the aggregate sum of Fifty Thousand and 00/100 ($50,000.00) Dollars, and no more, for any losses which they or either of them may sustain through the failure on the part of the Insured's servants, officers, employees or attorneys or agents to note and record and/or to transmit to the

said corporations any summons, complaint, subpena, bill or particulars or other papers in a law suit involving said corporation, or through their failure ot [sic] *promptly* advise of the service of any paper in connection with a garnishment proceeding in accordance with instructions received by them, or through the failure on the part of the Insured's servants, officers, employees or attorneys or agents to transmit to said corporation any notices addressed to them in care of the Insured's servants, officers, employees or attorneys or agents while acting in their capacity as statutory agents for such corporations.

to aid in vacating the Sterling default was a voluntarily incurred obligation excluded from the coverage of the policy. Defendant further contends that a condition precedent to bringing this action has not been met; that is, the amount of the insured's obligation to pay has not been finally determined by judgment against the insured after actual trial or written agreement of the insured, the claimant and INA.[2] See Affidavit of David Prives, July 5, 1978, Exhibit A, at 12.

Defendant also questions whether Buchanan was an agent of plaintiff or Sterling, the reasonableness of the attorneys' fees and the facts surrounding the service on Buchanan. All these questions, contends defendant, are better resolved in Florida where there is allegedly easier access to witnesses and where the questions concerning the reasonableness of the fees can be judged by a local tribunal.

■ On a motion for a change of venue, the burden of establishing that a transfer is warranted falls on the moving party and a convincing showing must be made. See 1 Moore's Federal Practice at 1633. While it is true that the deference ordinarily accorded plaintiff's choice of forum is somewhat reduced when the action is filed outside of the district of plaintiff's residence, see Haase v. Mallekrodt, 415 F.Supp. 889 (S.D.N.Y.1976),[3] it remains a substantial one where, as here, plaintiff's principal place of business, at least at the time this complaint was filed, was in New York. Moreover, even where a plaintiff only resides near the forum, it may be appropriate to require a convincing showing before a

motion to transfer will be granted. See Mayer v. Development Corporation of America, 396 F.Supp. 917, 932 n.26 (D.Del. 1975).

■ Defendant contends that the witnesses it intends to call reside in Florida and are not subject to compulsory process in this Court. However, plaintiff has represented that three of the six potentially important witnesses live within 100 miles of this District. Defendant has also mentioned the possibility of calling certain other witnesses; they are the Sheriff who served Buchanan, as well as members of Buchanan's staff. However, defendant nowhere names these potential witnesses nor gives any indication whether they are still available to testify. In view of these serious omissions, I cannot consider their potential testimony as a reason to transfer the action. This conclusion is fortified by the defendant's failure to provide precise information about the anticipated areas of any of the witnesses' testimony. See Car-Freshener v. Auto Aid Mfg. Corp., 438 F.Supp. 82 (N.D.N.Y.1977).

Nor are defendant's conclusory allegations concerning the reasonableness of the attorneys' fees charged sufficient reason to transfer the case. Defendant has raised no specific objections to the bills other than to suggest they are different from fees formerly charged INA by certain of the counsel and to aver that Mr. Nunez's fees have not been properly broken down. If these are the only issues, there is no reason why this Court cannot decide them since they are not questions peculiarly addressed to a

2. The "No Action" Clause of the Blanket Liability Policy reads as follows:

No action shall lie against INA unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the Insured, the claimant and INA. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy. No person or organization shall have any right under this policy to join INA as a party

to any action against the Insured to determine the Insured's liability, nor shall INA be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve INA of any of its obligations hereunder.

3. Haase involved a personal injury action brought in the Southern District of New York by a New Jersey plaintiff. All the witnesses were in New Jersey and two of the defendants lived there as well. In short, there was no connection between the action and the Southern District of New York.

local bar. If, on the other hand, there are true questions as to reasonableness, by failing to specifically raise them, defendant has not made the convincing showing necessary to prevail on a motion to transfer.

Defendant advances one last argument in support of its motion to transfer which warrants discussion. Defendant has alleged that it may wish to bring a third party action against John Buchanan for his alleged negligence in failing to forward process to Sterling. Since Buchanan is a resident of Florida and a practitioner in that state, there appears to be no jurisdiction over him in this District. In Florida, on the other hand, he would clearly be amenable to service of process.

The ability to join third parties in the transferee district is an important, although not a conclusive consideration in determining whether a change of venue is in order. *United States v. Casey*, 420 F.Supp. 273 (S.D.Ga.1976); *Popkin v. Eastern Airlines*, 253 F.Supp. 244 (E.D.Pa.1966); *Allied Petro-Products, Inc. v. Maryland Casualty Co.*, 201 F.Supp. 694 (E.D.Pa.1961). The question of the comparative convenience of the parties remains an equally important factor. *See Fein v. Public Service Coordinated Transport*, 165 F.Supp. 370 (E.D.Pa.1958). In this case, as indicated above, defendant has not met its burden of demonstrating that the convenience tips heavily in its favor. Furthermore, it is not at all clear that the same evidence would be required to prove plaintiff's case against defendant as would be required to prove defendant's case against Buchanan. In such a situation the ability to join a third party in a transferee forum is entitled to less weight than it might ordinarily assume. *See Popkin, supra.* Accordingly, I find no compelling reason to transfer the case and thus, defendant's motion is denied.

Turning next to plaintiff's motion for summary judgment, I find that it too must be denied. Plaintiff contends that on the papers before me I can decide, as a matter of law, whether it is entitled to judgment. Defendant has attempted to raise a number of factual issues including the question of Buchanan's agency, the reasonableness of the attorney's fees and the substance of the exchange between Ellis Parry, a vice-president of plaintiff's insurance broker and Joseph Proko, an INA supervisor in Philadelphia. Plaintiff claims that this exchange resulted in INA's acquiescence in the payment of Sterling's legal fees and has produced documentary evidence in support of its contention.

Defendant, rather than setting forth specific facts demonstrating a genuine issue for trial, has made no more than conclusory allegations in its opposition to the motion for summary judgment. See Fed.R.Civ.P. 56(e). However, it has also raised an issue which it claims warrants dismissal: that is, plaintiff's non-compliance with the alleged condition precedent to suit which would require the insured's obligation to be finally determined by a judgment against the insured after trial or by written agreement of the insured, the claimant and the INA. Affidavit of Prives, Exhibit A, *supra.* Plaintiff, on the other hand, contends that this condition precedent was waived when defendant allegedly consented to plaintiff's retention of counsel. Plaintiff has submitted many letters written by representatives of the defendant wherein the obligation to pay the legal fees is seemingly conceded. Yet, the question of waiver or estoppel is not one which can be decided on the papers before me; indeed, it is not clear at this point whether the representatives who wrote on defendant's behalf even had authority to bind INA. Certainly this authority must be established before any question of waiver can be resolved.

Accordingly, plaintiff's motion for summary judgment and defendant's motions to dismiss or transfer are denied.

IT IS SO ORDERED.