LEE HORNING, Appellant, v GEORGE W. GORE et al., Respondents.

Third Department, May 27, 1982

APPEARANCES OF COUNSEL

*Miller, Mannix, Lemery, & Kafin, P.C. (Benjamin R. Pratt, Jr.,* of counsel), for appellant.

*LaPann, Reardon, Fitzgerald & Firth (Peter A. Firth* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

In April, 1979, plaintiff contractor and his crew of workmen commenced the erection of a single-family dwelling for defendants, on land that plaintiff had sold to them. This construction was undertaken pursuant to a contract entered into between the parties, which required plaintiff to perform "in a good, workmanlike and substantial manner" and to "provide good, proper and sufficient materials and labor, [and] *scaffolding \* \* \* necessary for the \* \* \* construction*" (emphasis added). Defendants exercised no control or supervision over the work site.

On July 9, 1979, plaintiff was injured when the scaffold, which he himself had designed and erected, collapsed,

causing him to fall 12 feet to the ground. Thereafter, he commenced this action against defendants owners pursuant to section 240 of the Labor Law.* Defendants counterclaimed alleging breach of the contract by plaintiff as a bar to the action. Plaintiff moved and defendants cross-moved for summary judgment.

Special Term granted defendants' cross motion, holding that both parties could succeed in their respective actions, but because the resultant damages would be equal, the lawsuit would be "a 'wash'".

We agree with this result, but for a different reason. The provisions of section 240 of the Labor Law impose a nondelegable duty on owners, contractors and their agents to provide scaffolding and other protective devices for the use of workmen. When this duty is violated, absolute liability is imposed (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Larabee v Triangle Steel,* 86 AD2d 289). Liability was imposed in *Haimes* although the decedent was an "independent contractor". Regardless of his capacity, Haimes, at the time of his accident, was performing the work of an ordinary workman on the job and, therefore, the court ruled he was entitled to the statutory protection which is extended to " *'all workmen* on the job' " (see *Haimes v New York Tel. Co., supra,* p 137). Under similar analysis, plaintiff herein, whether called an independent or general contractor is, because of the type of work he was performing, within the statute's protection vis-à-vis the owner.

The only material distinction between *Haimes* (where summary judgment was granted to the plaintiff) and the instant case is the effect of the provisions of the construction contract, which serve as the basis for defendants' counterclaim. No such counterclaim was asserted by the defendant in *Haimes,* and the court found no significance in the fact that the decedent in *Haimes* had himself provided the ladder, the collapse of which caused his death, despite the assertion of contributory negligence as an affirmative defense by the defendant Telephone Company.

---

* By the 1980 amendment to section 240 of the Labor Law, owners of one- and two-family dwellings are exempt from the statutory liability when such owners do not exercise any control over the construction work (L 1980, ch 670, § 1). However, this case arose prior to the amendment.

Thus, the grant of summary judgment to plaintiff in *Haimes* means that a defendant owner who has been charged with a violation of section 240 of the Labor Law cannot avoid or shift liability, wholly or in part, by alleging that the injured workman was at fault (see *Long v Forest-Fehlhaber,* 55 NY2d 154, 159-160).

Here, Special Term ruled that although plaintiff was entitled to recover from defendants for the breach of section 240 of the Labor Law, defendants were entitled to recover over from plaintiff for plaintiff's breach of his express contractual obligation to "furnish and provide good, proper and sufficient * * * scaffolding". Plaintiff's "breach" of this contractual obligation can be ascertained, however, only by referring to the requirements of section 240 of the Labor Law. Thus, despite the label "breach of contract", defendants are seeking to relieve themselves of, or shift some or all of their liability based upon the workman's own fault in failing to comply with section 240. Regardless of the label, defendants' counterclaim is predicated on plaintiff's fault or culpable conduct in erecting the scaffolding, which, under *Haimes,* is irrelevant (see *Long v Forest-Fehlhaber,* 55 NY2d 154, *supra*).

Special Term sought to analogize the instant case to the situation where the ordinary workman, who is not also a contractor, is injured as the result of a violation of section 240 of the Labor Law. Under these circumstances, the workman is entitled to recover from the owner, and the owner may recover over from the contractor who was actually responsible for the defective condition either under the contract (*Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1) or under the theory that the party who actually caused the injury should pay (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 301; see, also, *Kemp v Lakelands Precast,* 55 NY2d 1032). Special Term reasoned that this same result should obtain here since plaintiff acted in two roles — that of workman and that of contractor. However, as plaintiff was not conducting his business in corporate form, the law does not recognize his two roles as separate and distinct legal entities. Rather, his conduct while acting either as a workman or as a contractor must be viewed as that of one person. Accordingly, since, as

noted above, plaintiff's own fault, whether it is considered a breach of the contract or culpable conduct, cannot be raised by defendant owners under section 240 of the Labor Law, Special Term's analogy must fail.

The contract at issue, however, does contain a hold-harmless clause whereby plaintiff expressly agreed that defendant "shall not *in any manner* be answerable or liable * * * for any of the materials or implements used and employed in the erection or furnishing of said work". By including any manner of liability for implements used in the erection of the work, plaintiff expressly waived the protection afforded him by section 240 of the Labor Law concerning implements employed by him in the erection of the work. While this clause would not affect any workman not a party to the contract, there is no reason why plaintiff should not be bound by its terms (see 10 NY Jur, Contracts, § 131, pp 25-26).

Public policy, evidenced by the broad protection afforded workmen in the building construction, repair and demolition industry by the Legislature (Labor Law, art 10), does not preclude a waiver in the circumstances of this case. Assuming that public policy concerning such protection is so strong that an owner cannot ordinarily extract a waiver from the contractor/workman, defendants here are the owners of a one-family dwelling, and subsequent to the accident at issue the Legislature amended section 240 of the Labor Law to exempt from its provisions owners of one- and two-family dwellings who do not supervise the work (L 1980, ch 670, § 1). While this amendment could not itself relieve defendants of liability arising before its effective date, the amendment certainly establishes the Legislature's intent that public policy surrounding the protection of workmen in the building construction, demolition and repair industry does not extend to workmen working on one- and two-family dwellings, and there is no basis for concluding that the amendment was the result of some sudden dramatic shift in public policy, rather than a legislative recognition that public policy never extended to the one- and two-family dwelling situation.

Although waiver was not specifically pleaded in the answer, the terms of the contract were clearly put in issue

by defendants, and the question of waiver was raised by defendants in their motion papers. Accordingly, since plaintiff's waiver of the protection afforded him by section 240 of the Labor Law constitutes a complete defense to his action against defendants, the order granting summary judgment to defendants must be affirmed.

The order should be affirmed, with costs.

MAHONEY, P. J., and WEISS, J., concur with CASEY, J.; SWEENEY and KANE, JJ., concur in the result only.

Order affirmed, with costs.