**MOYGLARE STUD FARM, LTD., Plaintiff,**

v.

**DUE PROCESS STABLE, INC. and Robert E. Brennan, Defendants.**

No. 82 Civ. 8472 (WCC).

United States District Court,
S.D. New York.

April 13, 1983.

---

**290**

Sullivan & Cromwell, New York City, for plaintiff; Richard H. Klapper, New York City, of counsel.

Schwarzfeld, Arnoff & Shores, New York City, for defendants; Norman B. Arnoff, New York City, Robinson, Wayne, Levin, Riccio & LaSala, Newark, N.J., of counsel.

OPINION AND ORDER

CONNER, District Judge.

In this diversity action, plaintiff Moyglare Stud Farm, Ltd. ("Moyglare") seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that defendants' revocation of a contract of sale is invalid. The case is currently before the Court on defendants' motion to dismiss or transfer the action on the ground of improper venue, Rule 12(b)(3), F.R.Civ.P. or, alternatively, for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the motion is denied in all respects.

*Background*

In the spring of 1981, Moyglare, an Irish corporation engaged in the business of breeding thoroughbred race horses, agreed to sell one of its horses to defendant Due Process Stable, Inc. ("Due Process"), a New Jersey corporation. The agreement called for Due Process to pay $1 million for the horse, Lobsang II, with $250,000 to be paid on delivery and $750,000 plus interest to be paid in three annual installments due on May 1 in each of the years 1982, 1983 and 1984. Defendant Robert E. Brennan ("Brennan"), Due Process's principal,[1] signed the sale documents in his New York office on April 28, after which the documents were forwarded to Moyglare for execution in Ireland.

According to the complaint, Lobsang II was delivered to Due Process on April 30, 1981[2] and the first payment of $250,000 was made shortly thereafter. Nearly eighteen months later, however, on October 12, 1982, Brennan sent Moyglare a letter revoking its acceptance of Lobsang II on the ground that Due Process had recently discovered facts that caused it to believe that the horse had a serious, albeit concealed, leg injury prior to the sale. That letter, at-

---

1. Brennan is the chief executive officer and controlling shareholder of First Jersey Securities Inc., a securities firm with executive offices at 50 Broadway, New York, New York.

2. According to unsworn assertions in Moyglare's brief, Lobsang II was driven to the Due Process stables in New Jersey but was immediately returned to New York for training.

tached as Exhibit D to the complaint, is written on Due Process stationery which lists Brennan's New York office as its address. Moyglare asserts, without contradiction, that Brennan mailed the revocation from New York City. On December 20, 1982, Moyglare filed the instant action seeking a determination that the revocation of acceptance was ineffective and improper.

*Discussion*

Section 1391(a) of Title 28 U.S.C. states that a diversity action may be brought in the judicial district where all the plaintiffs or all the defendants reside or in which the claim arose. Prior to 1966, that section provided only for venue in the district where all the plaintiffs or all defendants resided. The statute was amended in 1966, however, to add the clause "or in which the claim arose" in order to create additional venue possibilities and further the convenience of the parties. See *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27, 33 (8th Cir.1973). Since neither Moyglare nor defendants are residents of this district, the question whether venue is proper here turns upon a determination of where plaintiff's claim arose.[3]

■ Preliminarily, it should be noted that the issue of where a claim arises for purposes of venue under Section 1391 should be determined as a matter of federal, rather than state, law. See *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct. 2710, 2716 n. 15, 61 L.Ed.2d 464 (1979) (venue under § 1391(b)); *Lieb v. American Pacific International Inc.*, 489 F.Supp. 690 (E.D.Pa.1980). Although some federal courts have regarded venue in a diversity case as a substantive right which is to be decided by state law, see, *e.g.*, *Wahl v. Foreman*, 398 F.Supp. 526, 529 (S.D.N.Y.

1975), the Supreme Court in *Leroy* noted that venue under Section 1391 is a federal question whose answer depends on federal law. *Leroy, supra,* 443 U.S. at 183 n. 15, 99 S.Ct. at 2716 n. 15, citing 1 J. Moore, Federal Practice ¶ 0.142[5-.2] (1979); Wright, Miller & Cooper, § 3803. See also *Coface v. Optique Du Monde, Ltd.,* 521 F.Supp. 500, 505 (S.D.N.Y.1980).

■ The task of determining where the claim arose has not always been a simple one. *Cf. Leroy, supra,* 443 U.S. at 185, 99 S.Ct. at 2717 (noting the "occasionally fictive assumption" that claims arise in one place only). Since the 1966 amendments to Section 1391, federal courts have struggled to apply this rather imprecise standard in cases involving acts in many districts. See *Lieb, supra,* 489 F.Supp. at 695–96; *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 291 F.Supp. 252, 260 (E.D.Pa.1968). Indeed, as this Court noted in a case involving venue under Section 1391(b),[4] the phrase is susceptible of at least three interpretations: (1) where the largest part of the claim arose; (2) where a substantial part of the claim arose; or (3) where any part of the claim arose. *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 890 (S.D.N.Y.1974). In *Honda,* this Court ruled that Section 1391(b) does not support a right to bring suit where any part of the claim, however small, arose. *Id.* at 892.[5] Thus, in determining the proper district for purposes of venue, the Court will examine the weight of the defendant's contacts regarding the claim in the various districts concerned. See *Coface, supra,* 521 F.Supp. at 505; *Lieb, supra,* 489 F.Supp. at 695.

---

**3.** The Court cannot agree with defendants' contention that the Court should not reach the issue of where the claim arose if all the defendants live in the same district. Either of these alternative bases of venue is sufficient.

**4.** Section 1391(b) sets forth the venue requirements for cases based on federal question jurisdiction. It states that

[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship

may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

**5.** Because *Honda* involved only insignificant contacts in this forum, the Court did not consider the validity of the other two interpretations. 374 F.Supp. at 892.

Defendants argue that Moyglare's claim arose in either Ireland or New Jersey rather than in New York because (1) Moyglare executed the sale documents in Ireland; (2) Due Process sent the notice of revocation to Ireland; (3) the bill of sale stated that the agreement would be governed by New Jersey law; (4) title to Lobsang II passed when the horse was delivered to Due Process in New Jersey; and (5) Moyglare acknowledged receipt of the first payment in a letter sent to Due Process in New Jersey. On the other hand, plaintiff points out that (1) Brennan signed the sale documentation on behalf of Due Process in New York; (2) defendants inspected the horse in New York before agreeing to the purchase; and, most importantly, (3) Brennan mailed the notice of revocation from his New York office. This last point is significant because under New Jersey law, which applies in this case pursuant to the contract, a revocation of goods becomes legally effective when the buyer properly dispatches notice of the revocation, rather than when the Seller receives that notice. See N.J.S.A. 12A:2-608(2), 1-201(26). Thus, under New Jersey law, the determinative event is Brennan's mailing of the notice, not Moyglare's receipt of the notice in Ireland, as defendants erroneously suggest. See commentary to § 1-201(26) at p. 43 (word "notifies" used when essential fact is dispatch of notice rather than receipt).

Clearly, this is not a case in which the contacts between the claim and this district are insignificant or miniscule. Cf. Honda, supra, 374 F.Supp. at 888 (venue improper in New York on trademark infringement claim where premised on fact that defendant sent about 20 mail order catalogs into state and received three orders totalling $37 from in-state residents). Rather, the actions taken by defendants here go to the heart of Moyglare's claim concerning the revocation, and accordingly the Court finds venue to be proper in this district. As stated above, defendants signed the contract here and ultimately withdrew their acceptance of the horse here, the specific act giving rise to plaintiff's cause of action. While the fact that the revocation was made in New York alone might not suffice to convince the Court that the claim arose in this district, see Gardner, supra, 484 F.2d at 33 (claim for anticipatory repudiation did not arise at place of repudiation where that site bore no other relation to contract), this case involves more than that narrow basis for venue. Cf. id. (venue at place of repudiation would unfairly favor repudiating party). Nor is the Court persuaded that the weight of the contacts with the District of New Jersey so far exceeds that of events occurring here that plaintiff's choice of venue should be overridden. Although the Court is aware that the New Jersey choice of law clause deserves significant weight in determining where a claim arose, see Lieb, supra, 489 F.Supp. at 696, that factor cannot be dispositive where, as here, certain of the sale discussions, the signing of the contract by defendants and the revocation of the horse all took place in this district. Accordingly, defendants' motion to dismiss or transfer on the basis of improper venue is denied.

The Court also denies defendants' motion to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice. A plaintiff's choice of forum is entitled to some weight, see A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439 (2d Cir.1966). A request to transfer strikes an extremely hollow note in this case since the proposed transferee courthouse in Newark is located less than 20 miles from this courthouse. Travel convenience is, in this instance, a minimal consideration. Moreover, Moyglare has identified seven witnesses it expects to call at trial, all of whom live or work in New York while defendants have only made generalized assertions concerning out-of-state witnesses. There is no contention that, given the 100-mile bubble of Rule 45(e), F.R.Civ.P., this Court's ability to compel the presence of any necessary witness is any less than that possessed by the district court in Newark. Finally, the Court cannot overlook the fact that defendant Brennan actually works less than a

10-minute walk from this courthouse. This is simply not a case in which the burden on defendants and third-party witnesses requires the Court to relocate the litigation. Accordingly, the case will proceed in this district.

*Conclusion*

Defendants' motion to dismiss or transfer is denied. The parties are directed to appear for a pretrial conference on Friday, June 10, 1983 at 10:00 A.M. in Room 608 of the U.S. Courthouse.

SO ORDERED.