Marcelo ZANGIACOMI, Plaintiff,

v.

Coke Anne SAUNDERS, Defendant.

No. 87 Civ. 8896 (IBC).

United States District Court,
S.D. New York.

June 6, 1989.

Kevin Concagh, P.C., New York City, for plaintiff; Kevin Concagh, of counsel.

Quirk and Bakalor, P.C., New York City, for defendant; Robert E. Quirk, of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

Defendant Coke Anne Saunders moves pursuant to 28 U.S.C. § 1404(a) to transfer

the instant action to the District of Connecticut. Plaintiff opposes the motion and cross-moves for summary judgment under Federal Rule of Civil Procedure 56; this defendant opposes.

## STATEMENT OF FACTS

On June 17, 1987 defendant Coke Anne Saunders (hereafter "Saunders") contracted with John Hood (hereafter "Hood") of Construction Development Service for renovation work to be performed on her home in Westport, Connecticut. Specifically, Hood was to "perform certain work at 25 S. Turkey Hill Road, Westport, Connecticut according to plans and specifications (contract set) presented by the Owner [Saunders] to the Contractor [Hood]." In addition, Hood was to "obtain and advise" Saunders "of the availability of subcontractors to do the required work." Moreover, Hood apparently served as on-site supervisor of the project.

Subsequently, defendant contracted (via Hood) with Peter Lyden (hereafter "Lyden") to perform carpentry and roof work on the Saunder's home.[1] It appears from the papers before us that plaintiff Marcelo Zangiacomi was working for Lyden at the time of the accident and was responsible for sheet rocking inside the house. Unresolved is the question of whether plaintiff was an employee or a subcontractor of Lyden. For the purpose of the motions before us, we need not make this latter determination.

On November 10, 1987 there was a rainstorm, and the roof of the Saunder's house, which was in the process of being repaired, began to leak. Consequently, plaintiff was told to spread plastic sheets on the roof and while performing this task he slipped and fell off, sustaining serious personal injuries. He alleges that his fall resulted from the dangerous condition created by rain and ice on the roof, as well as the lack of available safety devices, such as a rope.

Plaintiff, a resident of New Rochelle, New York and a citizen of Brazil, commenced this personal injury action December 15, 1987. Defendant is a resident of New York City, New York and the owner of a one-family home in Westport, Connecticut, the situs of the accident. Lyden, a non-party to this action, resides in Connecticut.

## CLAIMS OF THE PARTIES

The first claim, brought by defendant, is a motion to transfer venue. Defendant contends that this matter should be transferred from New York to Connecticut because Lyden and Troy Insurance, Inc. (hereafter "Troy") should be joined as parties to this action. According to defendant, such transfer is necessary because this Court does not have personal jurisdiction over Lyden and Troy, whereas Connecticut does. Defendant also asserts that it would be more convenient for the parties and potential witnesses to litigate in Connecticut.

The second motion before us is brought by plaintiff for summary judgment, alleging defendant is strictly liable for his injuries under New York Labor Law § 240.

We shall discuss each motion separately.

## DISCUSSION

### I. CHANGE OF VENUE

Defendant moves to transfer venue to the District of Connecticut pursuant to 28 U.S.C. § 1404(a):

> "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Subject matter jurisdiction for the case at bar is founded only upon diversity of citizenship. 28 U.S.C. § 1332. Accordingly, venue is proper and a civil action may, "except as otherwise provided by law, be

---

1. Defendant asserts that as a condition precedent to signing the contract, Mr. Lyden was required to procure Workers' Compensation and Employers' Liability insurance. Defendant claims that a certificate of insurance from Troy Insurance, Inc., a Connecticut corporation, was presented by Lyden to her as evidence of meeting that insurance requirement.

brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a).

Venue is thus proper in either District. The issue before us is where the interests of justice and the convenience of the parties and witnesses will be best served.

■ There is a strong presumption in favor of the resident-plaintiff's original choice of forum, *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 708 (S.D.N.Y. 1983); *Zorn v. Anderson,* 263 F.Supp. 745, 749 (S.D.N.Y.1966), to overcome this presumption, the moving party has the burden "to make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there." *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967). "The plaintiff's choice of forum will not be disturbed ... unless the balance of convenience and justice has been shown to weigh heavily in favor of the defendant...." *Zorn,* 263 F.Supp. at 749 (citations omitted). Where the inconvenience to the parties and witnesses are evenly balanced, the plaintiff is entitled to his choice of forum. *Teachers Insurance & Annuity Ass'n of America v. Butler,* 592 F.Supp. 1097, 1106 (S.D.N.Y.1984).

■ Defendant advances three arguments in favor of the transfer. First, that the transfer to the District of Connecticut is necessary so that she may implead potential third-party defendants Lyden and Troy who are apparently not subject to the process of this Court. Second, that a number of unnamed witnesses reside in Connecticut and for their convenience this case must be transferred. Third, Connecticut law is the applicable substantive law; accordingly that District presumably has more expertise in interpreting its own law.

In support of the first argument regarding potential third-parties Lyden and Troy, defendant contends there will be great inconvenience unless we grant her motion because duplicative evidence will have to be presented in two different fora; once in the instant action and again in Connecticut if and when defendant brings suit against Lyden and Troy. Her argument rests upon two premises: first, that a cause of action against Lyden and Troy requires presentation of the same evidence as that in the instant action, and second, if the court finds as a matter of convenience these matters should be tried together, then this case must be transferred to Connecticut because we allegedly lack personal jurisdiction over Lyden and Troy.

"The ability to join third parties in the transferee district is an important, although not conclusive consideration in determining whether a change of venue is in order." *Prentice–Hall Corporation Systems, Inc. v. Insurance Company of North America,* 81 F.R.D. 477, 481 (S.D.N.Y.1979). This factor is entitled to less weight when defendant has not met her burden of showing that the balance of convenience weighs heavily in her favor and where it is not clear that the same evidence will be required to prove plaintiff's case against the third-party defendant. *Id.*

As to defendant's first argument in favor of transfer, she has not convinced us that the balance of convenience weighs heavily in her favor. We note that both defendant and plaintiff reside in New York. Moreover, it is far from clear that resolution of the conflict between plaintiff and defendant would require presentation of the same evidence to resolve the conflict between defendant and Lyden and Troy.

The cause of action between defendant and potential third parties Lyden and Troy would involve a contractual claim predicated on Lyden's representations to Saunders that he had obtained insurance through Troy that would sufficiently indemnify her if she was found liable. In the instant case, plaintiff brings an action sounding in tort against Saunders for injuries sustained on her property. The contractual relationship between Lyden and defendant for insurance and the question of whether defendant is liable for the personal injuries to plaintiff are two separate and distinct issues, each relying on different sets of facts and the testimony of different witnesses.

Resolution of the insurance issue requires evidence regarding the contractual relationship between defendant, Lyden and Troy. To this end, evidence is likely to include Lyden's oral representations to Saunders at the time the contract was signed, the insurance policy, Lyden's insurance history, etc.; whereas the liability issue between Saunders and plaintiff focuses on the November 10, 1987 accident at the jobsite. The latter issue would address the safety conditions or lack thereof at the Connecticut work-site. Thus, convenience does not dictate that these two actions be consolidated because there will not be significant duplication of evidence if we chose not to try them together.

In support of her second argument, defendant contends that because a number of the witnesses are located in Connecticut, it would be more convenient to transfer venue. The law is clear that the burden is on the moving party to "clearly specify the key witnesses to be called and ... make a general statement of what their testimony will cover." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied, Pro Arts, Inc. v. Factors Etc., Inc.*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

We find defendant has not met this unavoidable burden. Defendant merely "notes" that potential witnesses include municipal employees connected with the local Police Department, Fire Department, and Emergency Medical Service and simply "contemplates" that medical staff from Norwalk Hospital of Connecticut might be called to testify. Moreover, defendant has failed to state even generally what their testimony will cover.

In *Prentice–Hall*, the defendant "mentioned the possibility of calling certain ... witnesses; they are the Sheriff who served Buchanan, as well as members of Buchanan's staff." The court stressed:

"However, defendant nowhere names these potential witnesses nor gives any indication whether they are still available to testify. In view of these serious omissions, I cannot consider their potential testimony as a reason to transfer the action. This conclusion is fortified by the defendant's failure to provide precise information about the anticipated areas of any of the witnesses' testimony." *Prentice–Hall*, 81 F.R.D. at 480.

Moreover, we do not believe that transfer based upon travel inconvenience is justified. In the case at bar, we are dealing with witnesses from a neighboring state. Furthermore, the District Court of Connecticut is merely 75 miles away from this courthouse. "Travel convenience is, in this instance, a minimal consideration." *Moyglare Stud Farm, Ltd. v. Due Process Stable, Inc.*, 562 F.Supp. 289, 292 (S.D.N.Y. 1983). There is no reason to believe (nor do the parties refute) that these witnesses can not be subpoenaed under the Federal Rules of Civil Procedure Rule 45(e) 100–mile bulge rule, which compels the presence of any necessary witnesses. *Id.*

Finally, defendant avers that because the substantive law of Connecticut will apply and the tort occurred there, this case should be transferred. In some cases when a particular state's law is being applied, as a matter of convenience it is preferred to have the federal court sitting in that state try the case. *Noreiga v. Lever Bros. Co., Inc.*, 671 F.Supp. 991, 996–97 (S.D.N.Y.1987). This preference is only one of many factors and is "accorded little weight on a motion to transfer, especially when no complex issues of foreign law are at stake." *Id.* "Unlike foreign law, applying the law of another jurisdiction within the United States poses no particular problem to any federal forum." *Ayers*, 571 F.Supp. at 710.

Based on the papers before us we find that defendant has not borne the "burden of proving by clear and convincing evidence that 'the balance of convenience weighs strongly in favor of the transferee court ...'." *See, Noreiga*, 671 F.Supp. at 996. Accordingly, defendant's motion to transfer venue to the District of Connecticut is denied.

## II. CHOICE OF LAW

■ Before addressing the merits of plaintiff's motion for summary judgment,

we must determine whether New York or Connecticut substantive law applies. In choice of law questions, where federal jurisdiction is based upon diversity, a federal court must be guided by the rules of the jurisdiction in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ Under New York choice of law principles, *lex loci delicti* applies in tort cases unless extraordinary circumstances exist. *Kohn v. United States,* 591 F.Supp. 568, 572 (E.D.N.Y.1984), *aff'd,* 760 F.2d 253 (2d. Cir.1985); *Cooperman v. Sunmark Industries Division of Sun Oil Co. of Pa.,* 529 F.Supp. 365, 368 (S.D.N.Y.1981); *Cousins v. Instrument Flyers, Inc.,* 44 N.Y.2d 698, 405 N.Y.S.2d 441, 442, 376 N.E.2d 914, 915 (1978); *Rakaric v. Croation Cultural Club,* 76 A.D.2d 619, 430 N.Y.S.2d 829, 835 (2d Dept.1980). Connecticut law would apply under *lex loci delicti* due to the fact that plaintiff's injuries occurred at defendant's Connecticut home. This determination, however, may be displaced if we find extraordinary circumstances warrant application of the law of another jurisdiction.

If and when extraordinary circumstances do exist, New York courts apply an "interest analysis" test. *Schultz v. Boy Scouts of Am., Inc.,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 94, 480 N.E.2d 679, 683 (1985). This approach adopts a "center of gravity" or "grouping of contacts" focus rather than the mechanical application of the law of the place of the tort. *Id.; Neumeier v. Kuehner,* 31 N.Y.2d 121, 335 N.Y.S.2d 64, 69, 286 N.E.2d 454, 457 (1972); *Rakaric,* 76 A.D.2d 619, 430 N.Y.S.2d at 837–38. In other words, courts give "controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties has the greatest concern with the specific issue raised in the litigation." *Babcock v. Jackson,* 12 N.Y.2d 473, 240 N.Y.S.2d 743, 749, 191 N.E.2d 279, 283 (1963).

Since plaintiff, defendant, and non-party witness Hood are New York residents plaintiff maintains that New York has a more substantial relationship with the parties than does Connecticut, and thus implies that this constitutes an extraordinary circumstance warranting the application of New York law. While New York courts are willing to apply the law of the common domiciliary, they do so when the place of the wrong is purely fortuitous or when residents need to be protected from unfair or anachronistic treatment of the law of another state. *Id.,* 240 N.Y.S.2d at 748, 191 N.E.2d at 282; *Schultz,* 491 N.Y.S.2d at 96, 480 N.E.2d at 685; *Belisario v. Manhattan Motor Rental, Inc.,* 48 A.D.2d 477, 370 N.Y.S.2d 574, 576 (1st Dept., 1975). *See, Cooperman,* 529 F.Supp. at 368.

This is not a case in which the place of the wrong is purely fortuitous, as in the guest statute cases. *See, e.g., Neumeier,* 335 N.Y.S.2d 64, 286 N.E.2d 454. Traditionally, New York courts have distinguished fixed location from transient (fortuitous) cases, *Rakaric,* 430 N.Y.S.2d at 836; *Belisario,* 370 N.Y.S.2d at 576, and in fixed cases, they often place greater emphasis on the law of the situs of the tort. *See, e.g., Belisario,* 370 N.Y.S.2d at 576–77. Here, we have a fixed location case; the renovation work would be performed at a specifically chosen situs in Connecticut.

Moreover, this is not a case when a resident needs to be protected from unfair or anachronistic treatment of another state's law. *Babcock,* 240 N.Y.S.2d at 748, 191 N.E.2d at 282. In the case at bar, the choice of law is between New York and Connecticut. New York imposes strict liability upon homeowners, except owners of one or two-family dwellings who do not exercise control, and contractors for injuries sustained from lack of or inadequate statutorily mandated safety devices at the work-place. N.Y.Labor Law § 240. Connecticut applies principles of common law negligence and imposes a duty of reasonable care when determining the liability of homeowners, contractors or subcontractors for injuries to workmen on the jobsite when Workers' Compensation is inapplicable. *Wright v. Coe & Anderson, Inc.,* 156 Conn. 145, 152, 156–57, 239 A.2d 493 (1968); *Romenici v. Trumbull Electric Mfg. Co.,* 145

Conn. 691, 693, 146 A.2d 416 (1958).[2]

Although New York and Connecticut apply different standards of care, if defendant directed or controlled the work, she is nevertheless subject to liability for wrongful acts under either state's approach. This distinguishes the instant case from charitable immunity and guest statute cases where a party is completely barred from any possible recovery in one state, and is entitled to relief in the other. *See, e.g., Babcock,* 240 N.Y.S.2d at 745, 191 N.E.2d 279, 240 N.Y.S.2d at 280 (Ontario guest statute prohibited a cause of action; New York had no such bar); *Rakaric,* 430 N.Y.S.2d at 839 (New Jersey charitable immunity prohibited suit; New York allowed a cause of action). We find no extraordinary circumstances here which would compel us to deviate from *lex loci delicti* principles.

In fact, even under an "interest analysis" approach, Connecticut law would apply. In applying this test "the (only) facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict." *Schultz,* 491 N.Y.S.2d at 95, 480 N.E.2d at 684, *citing, Miller v. Miller,* 22 N.Y.2d 12, 290 N.Y.S.2d 734, 737, 237 N.E. 2d 877, 879 (1968).

> "[W]hen the conflicting rules involve the appropriate standards of conduct ... the law of the place of the tort 'will usually have a predominant, if not exclusive concern' ... because the locus jurisdiction's interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct and in the admonitory effect that applying its

law will have on similar conduct in the future assume critical importance and outweigh any interests of the common-domicile jurisdiction...." *Id.,* 491 N.Y. S.2d at 95–96, 480 N.E.2d at 683, 684–85 (citations omitted).

In contrast, when the state's conflicting rules relate to allocating losses that result from established tortious conduct (rules such as limiting damages in wrongful death actions, vicarious liability rules or immunity from suit) the jurisdiction's admonitory interest and party reliance are less important.[3] *Id.* at 96, 480 N.E.2d at 685.

> "Under those circumstances, the locus jurisdiction has at best a minimal interest in determining the right of recovery or the extent of the remedy in an action by a foreign domiciliary for injuries resulting from the conduct of a codomiciliary that was tortious under the laws of both jurisdictions. Analysis then favors the jurisdiction of common domicile because of its interest in enforcing the decisions of both parties to accept both the benefits and the burdens of indentifying with that jurisdiction and to submit themselves to its authority." *Id.*

New York Labor Law § 240 requires contractors, owners and their agents, except owners of one or two-family dwellings who do not exercise control, to furnish or erect safety devices such as scaffolding, hoists, stays, ladders, ropes, etc., whereas Connecticut, following principles of common law negligence imposes a duty of reasonable care without explicitly specifying what owners, contractors or subcontractors

---

**2.** In order to hold a principal employer liable to a subcontractor's employee under Workers' Compensation, a three part test must be satisfied:

    (1) The relation of principal employer and contractor must exist in work wholly or in part for the former;
    (2) the work must be on or about premises controlled by the principal employer; and
    (3) the work must be a part or process of the trade or business of the principal employer. C.G.S.A. § 31–291.

Defendant contends that the work performed is not part of her trade or business. Plaintiff disagrees. It has not been clearly established

that in fact the work performed is a part or process of the trade or business of Ms. Saunders. The mere fact defendant is an architect and her contract with Mr. Hood indicates that she eventually planned on selling her Westport home, does not make "buying, renovating and selling homes" her trade or business.

**3.** We believe, however, this balance may be offset in a fixed location case because the parties expectations and the state's admonitory interest are so closely related to the location of the wrongful conduct that its interest outweighs the interest of the parties' domicile.

must provide for workmen at a jobsite to protect them from sustaining injuries.

Here the conflicting rules focus on appropriate standards of conduct as opposed to loss distribution (rules such as limiting damages in wrongful death actions, vicarious liability rules or immunity from suit). Therefore, Connecticut's interest in protecting the reasonable expectations of Saunders, Hood, and/or Lyden, who relied on Connecticut law to govern their primary conduct, and the admonitory effect that applying its law will have on them in the future, outweighs any interests of New York, the common-domicile jurisdiction.

We take into consideration the unfairness that would result to a property owner who hires contractors from differing states to perform work within one state, to be subject to the standard of conduct rules of *each* worker's home-state. In essence, the homeowner would have to determine the residence of each worker on the job in order to determine which rule of conduct, the owner, must follow.

Hence, we shall apply Connecticut law to determine defendant's liability, if any, to plaintiff for the injuries he sustained on November 10, 1987, while working at defendant's Westport home.[4]

### III. SUMMARY JUDGMENT

In order to sustain a motion for summary judgment, the moving party must show that there is no genuine issue of material fact between the parties and that, as a matter of law, the trier of fact must find in the moving party's favor. Fed.R.Civ.P. 56(c); *Knight v. U.S. Fire Insurance Company*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). All ambiguities and reasonable inferences must be decided in favor of the non-moving party. *Id.*

Plaintiff asserts that under New York Labor Law § 240 defendant is liable as a matter of law.[5] We have determined that Connecticut law governs in this case. Accordingly, plaintiff's motion for summary judgment based upon New York Labor Law § 240 is denied since New York law is not the applicable substantive law in this action. Regardless, summary judgment is unavailable because it is evident that there are many factual contentions still in dispute such as whether Saunders directed or controlled the work directly or through Hood as an agent.

### CONCLUSION

Hence, the above motions are disposed of as follows: The motion by defendant to transfer venue to the District of Connecticut is denied; the motion by plaintiff for summary judgment pursuant to New York Labor Law § 240 is denied.

SO ORDERED.

**4.** Even if we were to apply New York law, it appears to us that the statutory exception for "owners of one or two-family dwellings who contract for but do not direct or control work" might apply in this case. *See, Zahn v. Pauker*, 107 A.D.2d 118, 486 N.Y.S.2d 422, 423 (3d Dept. 1985); *Horning v. Gore*, 87 A.D.2d 34, 451 N.Y.S. 2d 848, 849, n.*, (3d. Dept.1982).

**5.** N.Y.Labor Law § 240(1), provides in pertinent part:

"All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." N.Y.Labor Law § 240.