**SOUTHLAND TERRACE ASSOCIATES,**
**Plaintiff,**

v.

**MELLON BANK, N.A., Defendant.**

**No. 94 Civ. 7840 (LAK).**

United States District Court,
S.D. New York.

Jan. 17, 1995.

Jeffrey Glen, Susan I. Robbins, Berwin Leighton, for plaintiff.

Donald F. Luke, Martin L. Seidel, Rogers & Wells, for defendant.

## MEMORANDUM AND ORDER

KAPLAN, District Judge.

Plaintiff Southland Terrace Associates purchased a Louisville, Kentucky, shopping center (the "Center") from defendant Mellon Bank, N.A. in 1992. During negotiations to purchase the property, Mellon allegedly provided plaintiff with a report prepared by Diagnostic Environmental Inc. ("DEI") which purported to describe the extent of asbestos-containing material in the Center. Plaintiff now claims that the DEI report was inaccurate, that defendant knew it, and in consequence that plaintiff was defrauded in the purchase of the Center. Defendant moves pursuant to 28 U.S.C. § 1404(a) to transfer the action to the Western District of Kentucky.

Defendant argues that litigation on this action in Louisville would serve the convenience of the parties and witnesses, as well as the interest of justice, essentially for the following reasons:

1. The Center, which defendant characterizes as "[t]he most important source of proof concerning the amount of asbestos-containing material and the damages, if any," is in Louisville. It therefore would be more accessible to experts and, should a view be thought useful, to the Court if the action were in that forum.

2. The DEI report, as well as plaintiff's own due diligence relating to asbestos in the Center, was prepared from work done at the Center.

3. The building manager is located in Louisville and DEI is located in Cincinnati, which is within subpoena range of Louisville.

4. Many documents relating to the action, including the building plans for the Center upon which plaintiff relies, are in Louisville.

5. The Western District of Kentucky, according to defendant, is less congested that this district.

Plaintiff counters by contending that:

1. Defendant has failed to establish that this action might have been brought in the Western District of Kentucky, which is a prerequisite to transfer under Section 1404(a).

2. Plaintiff, which is based in New York, as well as its New York counsel, would be inconvenienced by litigation in Louisville.

3. All or most of the relevant documents are located in New York or Pittsburgh, not Louisville.

4. Defendant, in plaintiff's view, has not adequately identified witnesses, and the substance of testimony, upon whom it would rely and therefore has not made the necessary showing from which the Court might conclude that the convenience of the witnesses would be served by transfer.

5. Plaintiff's counsel in purchasing the center and its asbestos expert either reside in or regularly travel to New York, but are not subject to compulsory process in Kentucky.

## Discussion

■ As is readily apparent, each side has stretched far in making its case on this motion, and each has ignored some rather fundamental truths pertinent here. For example, the convenience of plaintiff's litigation counsel and expert is not a relevant factor on a motion of this kind under cases far too numerous to require citation. Similarly, defendant's reliance on the location of documents overlooks the fact that copying technology has made the use of original documents in litigation about as common as the dodo bird except in unusual circumstances involving issues of authenticity and legibility. Moreover, the importance of the location of the Center itself is overstated. Evidence concerning the extent of asbestos-containing material in the Center is likely to come in predominantly, perhaps exclusively, via expert testimony. If counsel think it useful, and the Court thinks it material, for the trier of fact to see parts of the Center, that probably can be accomplished by video as readily—perhaps more readily—than by a view of the premises.

■ In the last analysis, then, we come to this. Plaintiff's choice of forum is entitled to great deference and will be disturbed only upon a strong showing that the balance of convenience and the interest of justice weigh heavily in favor of a transfer. *E.g., Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Zangiacomi v. Saunders,* 714 F.Supp. 658, 660 (S.D.N.Y.1989), *quoting Zorn v. Anderson,* 263 F.Supp. 745, 749 (S.D.N.Y.1966). And only two of the factors cited by the parties warrant much discussion in the context of this motion: the availability of compulsory process for unwilling witnesses [1] and the relative congestion of the proposed transferor and transferee courts.

Mellon argues that the availability of compulsory process argues strongly in favor of transfer because there are several nonparties, whose personnel cannot be expected to testify voluntarily, within subpoena range in Louisville, but not New York. It cites employees of Harry K. Moore & Sons, Inc., the managing agent for the Center, DEI, and J.C. Penney, a tenant at the Center that allegedly did its own asbestos testing. If the Court were persuaded that all of these people had material evidence and that they were subject to process, and therefore likely to testify, only in Louisville, we would be extremely receptive to defendant's motion. But we are not persuaded given the sparseness of defendant's showing. *See, e.g., Factors Etc., Inc.,* 579 F.2d at 218.

Defendant notes its understanding that Moore & Sons hired DEI. But that is all it has to say on the subject. There is no showing that any of the Moore people know anything about any fact likely to be at issue in this case. Nor is there any showing of the present whereabouts of the handful of Moore employees identified in defendant's papers.

The availability of compulsory process for the relevant DEI employees seems at first blush much more persuasive. But plaintiff has offered evidence to the effect that DEI has been acquired by another company, that all of the DEI personnel knowledgeable about the Center have left the company, and that no one now at DEI knows anything about the matters at issue here. Hence, even if defendant's relatively conclusory showing as to the likely testimony of the former DEI personnel were sufficient, defendant has failed to establish the present whereabouts of any of them.

Finally, defendant's reference to J.C. Penney does not advance its cause. Plaintiff does allege that Penney had its own survey done, that the survey showed more asbestos than the DEI report provided to plaintiff, and that defendant knew of the Penney study. But the fact that Penney has a store in the Center does not even begin to estab-

---

1. It seems quite likely that the balance of convenience for party witnesses is in favor of New York. Plaintiff is based here. Defendant, on the other hand, is headquartered in Pennsylvania and would be inconvenienced to some degree by a trial either in Louisville or New York.

72

lish that any knowledge J.C. Penney may have concerning these matters is located in Louisville as distinguished, perhaps, from a real estate department located elsewhere.

Nor is defendant's argument concerning relative congestion persuasive. The argument rests on Administrative Office data showing that the average number of pending cases per district judge as of September 30, 1993 was significantly higher in this District than it was in the Western District of Kentucky. Defendant, however, ignores the very substantial reduction in the average number of pending cases per judge in this District since September 30, 1993 by reason of the filling of almost all of a record number of judicial vacancies.

For the foregoing reasons, defendant's motion to transfer this action is denied at this time. The Court recognizes that the matter may appear differently upon further development of the facts through the discovery process. In consequence, this ruling is without prejudice to renewal of the motion following the completion of discovery should defendant then be able to demonstrate either that the availability of compulsory process or of a view of the Center would result in a transfer materially advancing the interests of justice. In view of this disposition, it is unnecessary to address plaintiff's contention that this action may not be transferred to the Western District of Kentucky because that is not a district in which it might have been brought.

SO ORDERED.