**CAR–FRESHNER CORPORATION**
and
**Jules Samann, Plaintiffs,**

v.

**BROADWAY MANUFACTURING CO.,**
**Inc., Defendant.**

**No. 71 Civ. 2163.**

United States District Court,
S. D. New York.

Dec. 3, 1971.

Paskus, Gordon & Hyman, New York City (Philip H. Schaeffer, New York City, of counsel), Watson, Cole, Grindle & Watson, Washington, D. C., for plaintiffs.

Sol D. Bromberg, New York City, Karl Spivak, Philadelphia, Pa., for defendant.

MEMORANDUM

TENNEY, District Judge.

This is a civil action arising under the trade mark laws of the United States for infringement of a trade mark registered in the United States Patent Office, and for unfair competition. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1338 (1970) and Title 15 U.S.C. § 1114 (1970).

Defendant, a New Jersey corporation, moves to dismiss the action for improper venue, or, in the alternative, to transfer the action, presumably to a federal court in New Jersey. Defendant further asserts that it has not been properly served with process. Personal jurisdic-

tion over the defendant is asserted pursuant to N.Y.C.P.L.R. § 302(a) (3) (McKinney 1970) as made applicable by Rule 4(e) and (f) of the Federal Rules of Civil Procedure.

Defendant asserts that the sole issue presented is whether the New York CPLR can confer jurisdiction over the person of the defendant in the Southern District of New York when the cause of action is exclusively a federal action.

■ Suffice it to say that the state "long arm" statutes apply to federal actions as well as diversity actions. United States v. First National City Bank, 379 U.S. 378, 381, 85 S.Ct. 528, 13 L. Ed.2d 365 (1965); Carter-Wallace, Inc. v. Ever-Dry Corp., 290 F.Supp. 735 (S. D.N.Y.1968); Hoffman Motors Corp. v. Alfa Romeo S.p.A., 244 F.Supp. 70 (S. D.N.Y.1965).

Defendant is charged with infringing the mark of plaintiffs and with acts of unfair competition. Both parties sell their products throughout the United States and in the State of New York. Defendant admits such sales and plaintiffs have submitted affidavits which disclose that defendant's accused products are sold over a wide area of this state from its northern sections to Brooklyn, New York. Defendant's products were purchased and found in such well-recognized general outlets as Grand Way (a division of Grand Union), J. M. Fields, Inc., having a buying office at 450 West 33rd Street, New York, N. Y., and believed to be owned by Food Fair, Inc.; Weston Shoppers City (5 outlets); and Ames Discount Department Stores (7 outlets). Defendant's product was displayed at such outlets together with plaintiffs' product.

Defendant admits sales of the accused product through manufacturing representatives, and its representative for the New York area is believed to be Fred Freedman & Co., having offices at 1113 Broadway, New York, N.Y.

Plaintiffs further show that defendant has a continuous contact within the State of New York and a far more than sporadic or passing interest in the New York market. Plaintiffs claim that defendant's sale of the accused product is a tortious act causing injury to plaintiffs' product within and without the State of New York.

Title 28 United States Code Section 1391(c) (1970) provides that a corporation may be sued in any judicial district in which it is "doing business".

■ The test for "doing business" under the due process clause and the New York statute sufficient to justify in personam jurisdiction over a foreign corporation requires the corporation "have certain minimum contacts with it [New York] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Continuous activities which give rise to the liabilities sued on constitute a "presence" within the state. *International Shoe Co., supra* at 320, 66 S.Ct. 154.

This Court recently held that a trade mark and unfair competition dispute such as herein involved was not only related to, but "arose" in the judicial district in which the products of the parties are sold, that New York CPLR § 302(a)(McKinney 1970) provides that personal jurisdiction over a non-resident is obtainable by out-of-state service, and that Title 28 U.S.C. Section 1391 (a) and (b) permit venue in a judicial district where the "claim arose". Carter-Wallace, Inc. v. Ever-Dry Corp., *supra.*

■ Defendant's alleged infringement and unfair competition of which plaintiffs complain is a tortious act occurring within and without the State of New York, causing injury to plaintiffs in this state. Samson Cordage Works v. Wellington Puritan Mills, Inc., 303 F. Supp. 155, (D.R.I.1969).

"[I]n cases of trade-mark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading

packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 639 (2d Cir.), cert. denied, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). (Footnote omitted.)

■ The defendant's motion to dismiss is also based on a claim of insufficiency of service of process. Service was made by a Deputy United States Marshal on Nick Long, defendant's shop foreman, on May 15, 1971 at defendant's place of business in Camden, New Jersey. The Court finds that such service was sufficient. Rule 4(d)(3), Federal Rules of Civil Procedure; Montclair Electronics, Inc. v. Electra/Midland Corp., 326 F.Supp. 839, 842 (S.D.N.Y. 1971).

Defendant's motions are accordingly denied.

So ordered.