687 F.Supp. 111 (1988)
In the Matter of the Complaint of The CONNECTICUT NATIONAL BANK, Trustee, as Owner; General Electric Credit Corporation, as Sole Beneficiary of Grantor Trust; 660 Leasing Company, as Bareboat Charterer; Connecticut Transport, Inc., as Owner pro hac vice and Bareboat Subcharterer of S/S Omi Yukon, for Exoneration from Or Limitation of Liability, Plaintiffs,
HAWAIIAN INDEPENDENT REFINERY, INC., and Pacific Resources, Inc., Claimants and Third-Party Plaintiffs,
v.
OMI CORP., Third-Party Defendant.
OMI CORP., Third-Party Defendant and Fourth-Party Plaintiff,
and
The Connecticut National Bank, et al., Plaintiffs and Fourth-Party Defendants,
v.
CALEB BRETT U.S.A., INC., Fourth-Party Defendant.
No. 86 Civ. 8358 (RLC).
United States District Court, S.D. New York.
June 8, 1988.
*112 Burlingham Underwood & Lord, New York City; W. Thaddeus Miller, of counsel, William M. Kimball, New York City, for plaintiffs and third-party defendant, Connecticut Nat. Bank, et al. and OMI Corp.
Freehill Hogan & Mahar, New York City; John J. Walsh, of counsel, for fourth-party plaintiff Caleb Brett U.S.A. Inc.
Cadwalader Wickersham & Taft, New York City; Theodore A. Ulrich, of counsel, for claimants and third-party plaintiffs Hawaiian Independent Refinery and Pacific Resources, Inc.
Wagner Cunningham Vaughan & McLaughlin, Tampa, Fla., Alexander Ash Schwartz & Taft, New York City, for claimant Fairbourne.
Mahan & Rolph, San Francisco, Cal., for claimant Devitt.
Mark Ezell, Butler, Ala., for claimant Turk.
Kreindler & Kreindler, New York City (Paul S. Edelman, of counsel), for claimants Devitt and Turk.
James W. Whitten, Corpus Christi, Tex., Sharpe & Kajander, Houston, Tex., Leonard Kenny & Stearns, New York City (James Kenny, of counsel), for claimant Connolly.
Stephen A. Rappenecker, P.A., Gainesville, Fla., Williams & Harmon, Anniston, Ala., for claimant Baker.
Sullivan Johnson Boyle & Nurik, San Francisco, Cal., for claimants Diola, Guidice, Givens, Jones, Kleete, Lee, Pinkham, Ragucci, Rush, Russell, Schultz and Varn.
Phillips & Cappiello, P.C., New York City (George J. Cappiello, Jr., of counsel), for claimants Baker, Diola, Guidice, Givens, Jones, Kleete, Lee, Pinkham, Ragucci, Rush, Russell, Schultz and Varn.
Livingston & Weiss, P.C., San Francisco, Cal. (Mark J. Romeo, of counsel), Warren Wynshaw, New York City, for claimant Duffy.

OPINION
ROBERT L. CARTER, District Judge.
In October, 1986 the S/S OMI YUKON left Barber's Point, Hawaii in route to Pusan, Korea. Three days out of Hawaii, explosions and fires occurred on the vessel causing death to four crew members and injuring others. The vessel was towed to Japan where it was declared a constructive total loss.
The vessel was owned by the Connecticut National Bank ("CNB") as trustee for General Electric Credit Corp. ("GECC"), both *113 Connecticut corporations, bareboat chartered to 660 Leasing Corp. ("Leasing"), a Pennsylvania corporation, and sub-bareboat chartered to Connecticut Transport, Inc. ("CTI"), a New York corporation. While the vessel was still on the high seas, CNB, GECC, Leasing and CTI commenced this limitation proceeding pursuant to 46 U.S.C. App. § 183. In due course, 18 personal injury and death claimants, including Louanna Duffy, filed claims and answers in the limitation proceeding.
In May, 1987 Louanna Duffy and the estate of James Duffy filed an independent action in the Northern District of California against Hawaiian Independent Refinery, Inc. ("HIRI") which had supplied the vessel's fuel oil and Pacific Resources, Inc. ("PRI"). HIRI and PRI intervened in this proceeding and impleaded OMI Corp. ("OMI") as a third-party defendant; OMI, in turn, impleaded Caleb Brett U.S.A., Inc., which supervised HIRI in servicing the vessel with the fuel oil.
The independent action in San Francisco was voluntarily dismissed without prejudice on September 11, 1987, and thereafter a new, independent action was filed by Louanna Duffy and the estate of James Duffy in the District of Hawaii with HIRI, PRI and Caleb Brett again sued as defendants.

MOTION TO TRANSFER THE CASE TO THE DISTRICT OF HAWAII
Duffy now moves to transfer the entire limitation proceedings to Hawaii. The motion is opposed by all of the corporate parties and fifteen of the eighteen personal injury and death claimants.
When the limitation proceedings were instituted, the vessel had not been attached or arrested, no suit had been commenced against the owner, and the vessel was on the high seas. Since the vessel was not within any district, the proceeding could be commenced in any district. Supplemental Admiralty Rule F, subdivision 9, F.R.Civ.P. Thus, venue is proper in this court.
"[T]here is a strong presumption in favor of a plaintiff's choice of forum unless private and public interest considerations clearly point to trial in an alternate forum." Karvelis v. Constellation Lines S.A., 608 F.Supp. 966, 967 (S.D.N.Y.1985) (Carter, J.), aff'd, 806 F.2d 49 (2d Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). This is particularly so when the forum chosen is plaintiff's principal place of business. Marubeni America Corp. v. Tenneco Chemicals Inc., 82 Civ. 7548, slip op. (S.D.N.Y. April 12, 1983) (Carter, J.). This factor has relevance since CTI is the principal plaintiff, and it is a New York corporation with New York as its principal and only place of business. This is also true of OMI, third-party defendant and fourth-party plaintiff.
A party seeking to transfer the action must make a clear and convincing showing that the balance of convenience weighs heavily in favor of the transferee court. Mobile Video Services, Ltd. v. Nat'l Assoc. of Broadcast Employees and Technicians, 574 F.Supp. 668, 670-71 (S.D. N.Y.1983) (Pollack, J.) ("clear cut showing"); Prentice-Hall Corp. v. Insurance Co. of North America, 81 F.R.D. 477, 480 (S.D.N.Y.1979) (Duffy, J.) ("convincing showing"). Where the balance is in equipoise, plaintiff's choice will not be disturbed. See Itel Container Int'l Corp. v. Atlanttrafik Express Service, Ltd., 686 F.Supp. 438, 441 (S.D.N.Y.1988) (Carter, J.).
The accident did not take place in Hawaii and none of the claimants are domiciled in Hawaii. Hawaii has no interest in this litigation. While Hawaiian law does not appear to be implicated, even if it were, "applying the law of another jurisdiction within the United States poses no particular problem in a federal forum." Ayers v. Arabian Oil Co., 571 F.Supp. 707, 710 (S.D.N.Y.1983) (Carter, J.).
The factors to be considered include the convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of and cost of obtaining unwilling witnesses. *114 Troyer v. Karcagi, 488 F.Supp. 1200, 1207 (S.D.N.Y.1980) (Sweet, J.). These factors must be evaluated in light of the probable issues, evidence and witnesses to be presented at trial. Crimson Semiconductor, Inc. v. Electronum, 629 F.Supp. 903, 909 (S.D.N.Y.1986) (Carter, J.).
Four of the claimants, including Louanna Duffy, reside in California, but New York is no less convenient for them than Hawaii. The remaining claimants reside in Alabama, Texas, Missouri and Washington, making New York at least as convenient for them as Hawaii, and possibly more so. Counsel for death claimant Turk and personal injury claimant Devitt have submitted written opposition to the motion to transfer, and we are advised that counsel for personal injury claimants Diola, Guidice, Givens, Kleete, Jones, Lee, Pinkham, Ragucci, Rush, Russell, Schultz and Varn and death claimant Baker have authorized counsel for CNB and OMI Corp. to represent to the court that they are opposed to a transfer to Hawaii.
New York is more convenient for the New York and Connecticut corporations. HIRI and PRI are Hawaiian corporations but they have submitted to the jurisdiction of this court and seek to keep the proceedings in this court. Caleb Brett is a Louisiana corporation, with its principal place of business in Texas, with offices in Hawaii and New Jersey and doing business in this district. It asserts that New York is a more convenient forum than Hawaii for this action.
Clearly, if New York is not more convenient to the parties than Hawaii, it is no less so.
The issues involved will concern the cause of the explosions, whether the vessel was or was not free of fault, whether HIRI was negligent and in breach of any warranties, to what extent if any the death and personal injury claimants were free of contributory negligence, the negligence or breach of warranty of Caleb Brett, damages to the vessel's owner, damages sustained by the death claimants and personal injury claimants.
The causation question will require testimony of experts and various relevant employees of the corporate parties, as will the inquiry into the responsibility of the vessel owner for the accident. The issue of negligence and breach of warranty of HIRI and Caleb Brett will require expert testimony and that of their relevant employees. The expert witnesses will be engaged by the parties; their convenience is not a factor. The corporate parties are committed to producing in New York whatever documentation or witnesses are required. They would be required to produce all witnesses in their control, Complaint of Bankers Trust, 640 F.Supp. 11, 15 (E.D.Pa.1985), which would seem to cover all persons, except the individual claimants who were members of the crew and any expert witnesses. Determination of damages for individual claimants and whether they were contributorily negligent will require testimony of those claimants on the scene, and of other crew members who witnessed what occurred. Thus, New York is clearly the more convenient forum for witnesses and access to sources of proof.
There was an investigation by the Coast Guard and the National Transportation Safety Board ("NTSB"). The members of the Coast Guard Marine Board are located in Philadelphia, Boston and New Orleans. The members of the NTSB panel are located in Washington, D.C. As to them, New York appears to be far more accessible than Hawaii.
The final criterion  compelling the attendance of unwilling witnesses  does not appear to be a factor in this case.
Taking all relevant matters into consideration, New York appears clearly to be the far more convenient forum for litigating this matter. Accordingly, the motion to transfer the case to Hawaii is denied.

MOTION TO INCREASE THE SECURITY FUND
Claimant Jimmy Devitt has moved to increase the security fund to $5,000,000. Plaintiffs have offered to increase the fund to $5,000,000. Louanna Duffy has moved to increase the security fund to $15,869,280. *115 Since plaintiffs have offered to increase the security fund to $5,000,000, the motion to increase the security fund is granted to the extent of increasing the fund to $5,000,000.
The burden is on the claimants seeking a court ordered increase in security to make a clear showing at an evidentiary hearing that the existing funds are insufficient to cover all claims likely to be recovered in the proceeding. Complaint of Caribbean Sea Transport, Ltd. (Antille Sun), 748 F.2d 622, 628 (11th Cir.1984), rev'd on other grounds, 753 F.2d 948 (11th Cir.1985) (en banc). There is nothing before me at this time to show that a $5 million security fund will be insufficient. While Devitt argues that the four death claims are likely to be in the $500,000 to $2,000,000 range, I have before me an application to approve a settlement of one death claim for $190,000.
The increase offered by plaintiffs is approved. If, as the litigation proceeds, further increases are deemed necessary, claimants may seek such an increase on a threshold showing of a prima facie case warranting the increase. An evidentiary hearing to determine the issue can then be held. Since no prima facie showing has been made, an evidentiary hearing is not required at this time.
IT IS SO ORDERED.