**MIBAR ENTERPRISES, LTD., Plaintiff,**

v.

**NEC INFORMATION SYSTEMS, INC. and NEC Technologies, Inc., Defendants.**

**No. 89 Civ. 8162 (RPP).**

United States District Court, S.D. New York.

Sept. 19, 1990.

Jaffe and Asher, New York City by Sanford S. Asher, for plaintiff.

Stryker, Tams & Dill, New York City by Deborah J. Gannett, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants NEC Information Systems, Inc. (NEC Information) and NEC Technologies, Inc. (NEC Technologies) move (a) to dismiss the complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and, (b) alternatively, to transfer the action to the District of Massachusetts, pursuant to 28 U.S.C. § 1406(a) or for the convenience of the parties and witnesses, and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

Plaintiff Mibar Enterprises, Ltd. (Mibar) brings this action based on breach of the terms of an October 28, 1988 agreement to extend for one year the terms of the Value Added Reseller Agreement dated September 27, 1987 (1987 VAR Agreement) between plaintiff and NEC Information. Pursuant to a merger agreement with another company, NEC Information dissolved and NEC Technologies, a Delaware corporation, was formed and has been its successor corporation since November 1989. No issue is raised at this time with respect to NEC Technologies' liability for any breach of NEC Information's contracts with plaintiff.

The 1987 VAR Agreement, under which plaintiff was appointed a non-exclusive authorized value added reseller of NEC Information's computer hardware and software products, provided that any action brought against defendant NEC Information would be brought in the appropriate federal or state court in Massachusetts. The extension agreement of October 28, 1988 extended retroactively the terms of the 1987 VAR Agreement (1988 VAR Extension Agreement) for an additional year, and, in addition to terms pertaining principally to delinquent payment obligations of plaintiff, contained the following provision relating to forum selection:

This Agreement and all questions of interpretation, construction and enforcement hereof shall be governed by the laws of the Commonwealth of Massachusetts. It is expressly agreed by MIBAR that this Agreement has been negotiated and accepted by NECIS in Massachusetts and MIBAR consents to jurisdiction of any dispute arising under this Agreement by any state or federal district court located within Massachusetts. MIBAR further waives any objection that it may have with respect to venue or forum non conveniens for any action that may be filed in said jurisdiction to enforce the terms of this Agreement. (1988 VAR Extension Agreement, ¶ IX.(B))

Notwithstanding this provision, plaintiff brought this action in the New York State Supreme Court, New York County. It was removed to this Court on December 8, 1989.

Defendants promptly filed this motion. Thereafter, settlement discussions were initiated but failed.

■ The original 1987 VAR Agreement contained a different forum selection clause. Under that agreement, NEC Information was required to bring suit in a state or federal court with jurisdiction in plaintiff's place of business, and plaintiff was required to bring suit against NEC Information in a state or federal court in Massachusetts. Thus, plaintiff's initiation of this action in New York would violate the forum selection clause in the 1987 VAR Agreement. It would not, however, be an express violation of the consent to a Massachusetts forum provision contained in the 1988 VAR Extension Agreement. No express provision in the 1988 VAR Extension Agreement requires plaintiff to sue in Massachusetts.

Plaintiff, in opposition to the motion to transfer, relies on its rejection of the October 27, 1988 draft extension agreement submitted by plaintiff to defendants' counsel and on correspondence relating thereto. That draft agreement conferred on NEC Information an express right to remove any suit filed by plaintiff to a state or

federal court in Massachusetts. Counsel for plaintiff, by letter dated October 28, 1988 rejected this provision, along with certain other language pertaining to choice of forum. There were subsequent negotiations between counsel over the language of this provision. The final agreement was dated October 28, 1988, apparently drawn by defendants' counsel. The agreement was executed by defendant NEC Information on October 28, 1988 and by plaintiff on October 31, 1988.

In view of this negotiating history, the Court finds that the forum selection clause in the 1987 VAR Agreement was intended to be modified by the 1988 VAR Extension Agreement, and that plaintiff was entitled to bring suit in New York.

Such entitlement does not, however, dispose of the motion to transfer under 28 U.S.C. § 1404(a).

■ It is the general rule that plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In weighing the convenience of the parties and witnesses in this case, the Court notes that plaintiff claims numerous witnesses it intends to call for trial, all of whom are residents in the New York metropolitan area. Although plaintiff's proof of liability principally involves acts in Massachusetts as to which defendants' witnesses and records will be heavily involved, plaintiff also seeks to corroborate its claims of damages through testimony of customer witnesses. These witnesses are non-party witnesses and would not be subject to subpoena for trial in Massachusetts. Defendants' witnesses, in contrast, are all company witnesses living in Massachusetts.

The Court is not unmindful of the likelihood that this action was initiated to forestall an action to collect sums due and owing for goods sold and delivered or to collect an unrepaid line of credit. Nor is the Court unmindful of the fact that Massachusetts law required to be applied by the provisions of the contract is more easily applied by judges sitting in Massachusetts. Nevertheless, the laws of Massachusetts

and New York have a similarity that makes this factor not of great weight.

On balance, the lack of compulsory process to compel the attendance at trial of non-party witnesses causes the Court to find the requirements of 28 U.S.C. § 1404(a) are best met by denying defendants' motions and holding the matter for trial in this District. *See EMI Ltd. v. Picker Int'l Inc.,* 565 F.Supp. 905 (S.D.N.Y. 1983).

Plaintiff's motion for sanctions is denied because the defendants' motions are deemed to have been brought in good faith.

IT IS SO ORDERED.