**BARON PHILIPPE de ROTHSCHILD, S.A.; Societte Civile Chateau Lafite Rothschild; Guy de Rothschild; Eric de Rothschild; and Philippine de Rothschild, Plaintiffs,**

v.

**PARAMOUNT DISTILLERS, INC.; Paramount Brands, Inc.; Mar–Inter S.A.R.L.; and Roger L. Myers and Chantal Myers, d/b/a Monopoles Alfred Rothschild and Les Caves M.A.R., Defendants.**

No. 87 Civ. 6820 (SHS).

United States District Court,
S.D. New York.

May 1st, 1996.

Christine Lepera, Gold Farrell & Marks, New York City, for plaintiffs.

Kenneth Umans, Colucci & Umans, New York City, for Defendants Roger & Chantal Myers, Mar–Inter

William R. Hansen, Nims, Howes, Collision, Hansen & Lackert, New York City, Christopher B. Fagan, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, Ohio, for Defendant Paramount.

*OPINION*

STEIN, District Judge.

Defendants Mar–Inter S.A.R.L., Roger L. Myers and Chantal Myers (the "Myers defendants") move to dismiss plaintiffs' amended complaint for lack of personal jurisdiction and improper venue, to transfer this action to the Southern District of Florida or, alternatively, for summary judgment. For the reasons that follow, the Myers defendants' motion is denied.

## I. *BACKGROUND*

Plaintiffs Baron Phillippe de Rothschild S.A., Societe Civile Chateau Lafite Rothschild, Guy de Rothschild, Eric de Rothschild and Phillippine de Rothschild brought this action in 1987 against defendants Paramount Distillers, Inc. and Paramount Brands, Inc. (collectively, "Paramount") alleging trademark infringement for Paramount's use of multiple trademarks that incorporate the Rothschild name. On February 7, 1995, plaintiffs amended their complaint to add Mar–Inter S.A.R.L., Roger L. Myers and Chantal Myers as defendants. *See Rothschild v. Paramount Distillers, Inc.,* No. 87 Civ. 6820, 1995 WL 49274 (S.D.N.Y. February 7, 1995). The added defendants are the original owners of the allegedly infringing trademarks. In granting the motion to amend, the Court (McKenna, J.) explained that plaintiffs allege "that even after transferring the marks to Paramount, [the Myers defendants] 'have continued to assist in the infringement by importing and supplying defendants with the infringing products.'" *Id.* at *1. In its amended complaint, plaintiffs assert claims for (1) federal trademark infringement; (2) federal unfair competition; (3) common law trademark infringement and unfair competition; (4) violation of New York's anti-dilution statute; (5) violations of New York Civil Rights Law; and (6) cancellation of the allegedly infringing trademark.

## II. *MOTION TO DISMISS*

The Myers defendants move to dismiss this action against them for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and for improper venue pursuant to Fed. R.Civ.P. 12(b)(3).

### A. *Lack of Personal Jurisdiction*

The Myers defendants claim that their "only business contact ... with New York since 1967 was to ship, at the behest of the Paramount defendants, small quantities of wine, brandy, and/or cognac to the said Paramount defendants' facility in Mamaroneck, New York." (Defendants' Local Civil Rule 3(g) Statement, ¶ 9.) Furthermore, they claim that these shipments to New York stopped after the summer of 1994. (*Id.* at ¶ 10.)

■ Eventually, if challenged, plaintiffs must establish personal jurisdiction by a preponderance of the evidence either at an evidentiary hearing or at trial, but at this stage of the litigation plaintiffs may defeat a motion to dismiss for lack of personal jurisdiction by merely making a prima facie showing of jurisdiction. *See A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79–80 (2d Cir. 1993); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *PI, Inc. v. Quality Prods., Inc.,* 907 F.Supp. 752, 758 (S.D.N.Y.1995); *Dave Guardala Mouthpieces, Inc. v. Sugal Mouthpieces, Inc.,* 779 F.Supp. 335, 336–37 (S.D.N.Y.1991).

■ In that regard, plaintiffs are entitled to have their complaint and affidavits interpreted, and any doubts resolved, in the light most favorable to them. *See Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir. 1990); *Hoffritz for Cutlery,* 763 F.2d at 57; *Linzer v. EMI Blackwood Music, Inc.,* 904 F.Supp. 207, 211 (S.D.N.Y.1995); *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.,* 829 F.Supp. 62, 64 (S.D.N.Y. 1993). This burden is satisfied even when the moving party makes contrary allegations

that place in dispute the factual basis of plaintiff's prima facie case. *See A.I. Trade Finance,* 989 F.2d at 79–80; *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981); *Lancaster v. Zufle,* 165 F.R.D. 38, 40 (S.D.N.Y.1996); *National Cathode Corp. v. Mexus Co.,* 855 F.Supp. 644, 646 (S.D.N.Y.1994).

■ Furthermore, where, as in this case, discovery has not even commenced on this issue, plaintiffs are entitled to rely on mere factual allegations to make their prima facie showing of jurisdiction. *See Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); *Executive Telecard, Ltd. v. Engelman,* No. 95 Civ. 9505, 1996 WL 191967, at *2 (S.D.N.Y. Apr. 19, 1996); *Pilates, Inc. v. Pilates Inst., Inc.,* 891 F.Supp. 175, 177 (S.D.N.Y.1995); *Palmieri v. Estefan,* 793 F.Supp. 1182, 1186 (S.D.N.Y.1992); *Kinetic Instruments, Inc. v. Lares,* 802 F.Supp. 976, 981 (S.D.N.Y.1992). Matters outside the pleadings, however, may also be considered in resolving a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2) without converting it into one for summary judgment. *See Visual Sciences, Inc. v. Integrated Communications, Inc.,* 660 F.2d 56, 58 (2d Cir.1981); *John Hancock Property and Casualty Ins. Co. v. Universale Reinsurance Co., Ltd.,* No. 91 Civ. 3644, 1992 WL 26765, at *6 (S.D.N.Y. Feb. 5, 1992).

■ Personal jurisdiction over a defendant is measured by the law of the jurisdiction in which the court sits. *See Pilates,* 891 F.Supp. at 179. Under New York's long-arm statute, a court may assert personal jurisdiction over any defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Plaintiff's amended complaint alleges that the Myers defendants are acting in concert with Paramount to infringe plaintiffs' trademarks. Furthermore, plaintiffs have presented the Court with evidence or allegations showing that Paramount continued to purchase product from the Myers defendants as recently as March of 1992, that the Myers defendants

sent bulk brandy to Paramount which was bottled and labeled with allegedly infringing labels, that the Myers defendants designed, approved, or provided some of the infringing labels, that the Myers defendants assisted in obtaining regulatory approval of the labels and that the Myers defendants continue "to cooperate and collaborate" with Paramount "to enhance the sale of [Paramount] products." (Lepera Aff., Exhibits E, G, H, I, J & L.) Furthermore, there is no dispute that the Myers defendants sent to New York at least 14 shipments of wine that allegedly violated plaintiffs' trademarks, each shipment containing approximately 1200 cases of wine. (Transcript of Oct. 12, 1996 oral argument, p. 4.) Even ignoring plaintiffs' other allegations, these undisputed transactions alone are sufficient to satisfy the requirements of N.Y.C.P.L.R. § 302(a)(1).

■ Personal jurisdiction pursuant to section 302(a)(1) may be satisfied with proof that just one transaction occurred in New York as long as defendants' activities were purposeful and substantially related to plaintiffs' claim. *See Pilates,* 891 F.Supp. at 178 (citing *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 527 N.Y.S.2d 195, 198–99, 522 N.E.2d 40, 43 (1988)); *Independent Nat'l Distributors, Inc. v. Black Rain Communications, Inc.,* No. 94 Civ. 8464, 1995 WL 571449, at *4 (S.D.N.Y. Sept. 28, 1995); *Paine Webber Inc. v. WHV, Inc.,* No. 95 Civ. 0052, 1995 WL 296398, at *2 (S.D.N.Y. May 16, 1995); *Klagsbrun v. Ross,* No. 93 Civ. 7709, 1995 WL 43664, at *2–3 (S.D.N.Y. Feb. 3, 1995); *Business Trends Analysts v. Freedonia Group, Inc.,* 650 F.Supp. 1452, 1455 n. 8 (S.D.N.Y.1987). As noted above, the Myers defendants admit that they shipped the allegedly infringing goods to New York. Thus, those shipments were purposeful and substantially related to plaintiffs' claim of trademark infringement. Accordingly, personal jurisdiction over the Myers defendants exists pursuant to N.Y. C.P.L.R. § 302(a)(1).

■ Furthermore, plaintiffs have also made a prima facie showing that personal jurisdiction exists over the Myers defendants pursuant to N.Y. C.P.L.R. § 302(a)(2) on the grounds that they committed a tortious act

within the state of New York and the asserted causes of action arose from that act. *See Pilates,* 891 F.Supp. at 180; *Exovir, Inc. v. Mandel,* No. 94 Civ. 3546, 1995 WL 413256, at \*6 (S.D.N.Y. July 12, 1995); *Dave Guardala Mouthpieces,* 779 F.Supp. at 337; *Business Trends Analysts,* 650 F.Supp. at 1456; *see also Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). Such a prima facie showing has also been made that personal jurisdiction exists pursuant to N.Y. C.P.L.R. § 302(a)(3) for tortious acts committed outside the state of New York that cause injury in the state. *See In re Houbigant Inc.,* 914 F.Supp. 964, 979 (S.D.N.Y.1995); *Time Prods., plc. v. J. Tiras Classic Handbags, Inc.,* No. 93 Civ. 7856, 1994 WL 363930, at \*7 (S.D.N.Y. July 13, 1994); *Car–Freshner Corp. v. Broadway Mfg. Co.,* 337 F.Supp. 618, 619 (S.D.N.Y. 1971); *see also Sybron Corp. v. Wetzel,* 46 N.Y.2d 197, 204–05, 413 N.Y.S.2d 127, 130–31, 385 N.E.2d 1055, 1057–58 (1978).

■ The Myers defendants also claim that asserting personal jurisdiction over them violates traditional notions of fair play and substantial justice. *See, e.g., World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564–65, 62 L.Ed.2d 490 (1980). Due process requires "that the non-resident defendant has purposefully established 'minimum contact' with the forum state such that the 'maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Darby v. Compagnie Nationale Air France,* 769 F.Supp. 1255, 1262 (S.D.N.Y.1991) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The following factors are relevant to this determination: "(1) whether the defendant purposefully availed himself of the benefits of the forum state; (2) whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there; and (3) whether the defendant carries on a continuous and systematic part of its general business within the forum state." *Independent Nat'l Distributors,* 1995 WL 571449, at \*5–6.

Based on the allegations and admissions discussed above, the exercise of personal jurisdiction over the Myers defendants comports with the requirements of due process. *See Maruzen Int'l Co., Ltd. v. Bridgeport Merchandise, Inc.,* 770 F.Supp. 155, 160 (S.D.N.Y.1991); *Time Prods., plc.,* 1994 WL 363930, at \*5.

**B.** *Venue*

■ The Myers defendants also claim that venue in the Southern District of New York is improper. However, in a trademark infringement action, venue is appropriate in every jurisdiction where an alleged infringement occurred. *See Pilates,* 891 F.Supp. at 182 (citing *Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294–95 (3d Cir. 1994)); *Jaguar Cars, Ltd. v. National Football League,* 886 F.Supp. 335, 337–38 (S.D.N.Y.1995). As discussed above, at least 14 shipments of allegedly infringing products were shipped to Mamaroneck, New York, which is located in the Southern District of New York. Accordingly, venue is proper in this district.

**III.** *MOTION TO TRANSFER VENUE*

■ The Myers defendants have also moved to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). The Myers defendants, as the movant, bear the burden of showing the availability of an alternative forum and that that forum is clearly more appropriate than the Southern District of New York. *See, e.g., Factors Etc., Inc. v. Pro Arts Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *CSY Liquidating Corp. v. Trinity Industries, Inc.,* No. 95 Civ. 4860, 1996 WL 44462, at \*3 (S.D.N.Y. Feb. 2, 1996). They have failed as an initial matter to show that the Southern District of Florida is available as an alternative forum and thus their motion to transfer is denied. *See, e.g., Jaguar Cars, Ltd.,* 886 F.Supp. at 339. Furthermore, even if an alternative forum were available, this Court would exercise its "broad discretion" to deny the Myers defendants' motion. *Id.* at 338–39 (quoting *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992). In considering

the factors relevant to the transfer decision—plaintiffs' choice of forum, location of the operative facts, convenience of the parties and witnesses, location of documents and ease of access to sources of proof, relative means of the parties, the forum's familiarity with the governing law and trial efficiency and the interests of justice—it is evident that transferring this almost decade old case based upon this motion by a limited number of the defendants would merely shift any inconvenience from these defendants to the other litigants. *See CSY Liquidating Corp.,* 1996 WL 44462, at *3; *Jaguar Cars, Ltd.,* 886 F.Supp. at 339–40; *Pesin v. Goldman, Sachs & Co.,* 397 F.Supp. 392, 393 (S.D.N.Y. 1975).

## IV. *MOTION FOR SUMMARY JUDGMENT*

The Myers defendants also claim that they are entitled to summary judgment because plaintiffs' claims are barred by both the applicable statute of limitations and the doctrine of laches.

### A. *Statute of Limitations*

 The movants argue that plaintiffs cannot bring this trademark infringement action because the allegedly infringing mark is "incontestable" and plaintiffs cannot allege that that mark was fraudulently obtained because, under New York law, an action for fraud would be time-barred. *See Calzaturificio Rangoni, S.p.A. v. U.S. Shoe Corp.,* 868 F.Supp. 1414, 1419–21 (S.D.N.Y.1994). Even assuming that the Myers defendants' mark is incontestable—an assumption that plaintiffs vigorously oppose—it would not be incontestable against a senior user. *See Cuban Cigar Brands N.V. v. Upmann Int'l, Inc.,* 457 F.Supp. 1090, 1100 (S.D.N.Y.1978), *aff'd,* 607 F.2d 995 (2d Cir.1979) (Table). Plaintiffs have submitted a declaration showing that they are the senior users of this mark. (*See* Rothschild Declaration, ¶¶ 2–10.) Accordingly, at a bare minimum, a material issue of fact exists which precludes summary judgment, a result that is not surprising in light of the fact that there has not yet been any discovery with respect to these defendants.

### B. *Laches*

 The Myers defendants also claim that this action is barred by the doctrine of laches. In order to prevail on the equitable defense of laches, they "must establish both plaintiff[s'] lack of diligence under the circumstances in initiating an action, as well as prejudice from such delay." *King v. Innovation Books, Div. of Innovative Corp.,* 976 F.2d 824, 832 (2d Cir.1992) (citing *Southside Fair Housing Committee v. City of New York,* 928 F.2d 1336, 1354 (2d Cir.1991) and *Lottie Joplin Thomas Trust v. Crown Publishers, Inc.,* 592 F.2d 651, 655 & n. 4 (2d Cir.1978)); *see also Tri–Star Pictures v. Leisure Time Productions,* 17 F.3d 38, 44 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 484, 130 L.Ed.2d 396 (1994); *Cuban Cigar Brands,* 457 F.Supp. at 1096. The determination of whether laches bars an action is "committed to the discretion of the district court" and requires a fact intensive inquiry. *See King,* 976 F.2d at 832–33; *Tri–Star Pictures,* 17 F.3d at 44; *Cuban Cigar Brands,* 457 F.Supp. at 1096.

 Furthermore, "unclean hands" on the part of the party asserting laches is a sufficient basis to deny the defense. *See King,* 976 F.2d at 833; *Cuban Cigar Brands,* 457 F.Supp. at 1098–99. Numerous material facts remain in dispute relevant to the laches determination, including the extent of plaintiffs' knowledge of the Myers defendants' participation in the alleged infringements, the reasonableness of plaintiffs' efforts to protect their marks, any inexcusability and unreasonableness of plaintiffs' delay in bringing this action, the extent of good or bad faith on the part of these defendants and the extent that they were prejudiced by the delay. These disputed issues of material fact preclude summary judgment and hence the Myers defendants' motion is denied. *See Tri–Star Pictures,* 17 F.3d at 44.

## V. *CONCLUSION*

For the reasons set forth above, the Myers defendants' motion to dismiss, to transfer venue and for summary judgment is denied.