**TOY BIZ, INC., Plaintiff,**

v.

**CENTURI CORPORATION t/a Estes Industries, Defendant.**

**No. 97 Civ. 6455.**

United States District Court, S.D. New York.

Jan. 13, 1998.

Andrew J. Lorin, Lowenthal, Landau, Fischer & Bring, P.C., New York City, Edward Mannino, Robert Zielinski, Wolf, Block, Schorr & Solis–Cohen LLP, Philadelphia, PA, for Plaintiff.

Martin Glenn, Annette Poblette, O'Melveny & Myers LLP, New York City, for Defendant.

## OPINION AND ORDER

BAER, District Judge.

Defendant Centuri Corporation, t/a Estes Industries ("Centuri") moves to transfer this action to the District of Colorado, pursuant to 28 U.S.C. § 1404(a). Plaintiff Toy Biz, Inc. ("Toy Biz") moves for an order enjoining Centuri from prosecuting its action in the District of Colorado. For the reasons stated below, Centuri's motion to transfer this action is DENIED and Toy Biz's motion to enjoin Centuri's Colorado action is GRANTED.

### I. *Background*

This is one of two pending actions arising out of the sale of competing small hobby model flying rockets. Toy Biz, a manufacturer and distributer of toys and games, is a Delaware corporation with its principal place of business in New York. Plaintiffs Quest Aerospace Division ("Quest Aerospace"), manufactures a line of small hobby flying model rockets under the name "READY TO FLY." Quest Aerospace's manufacturing facilities are located in Arizona, although it is run from Toy Biz's New York offices. Defendant Centuri, a manufacturer and seller of model rockets, is a privately held Delaware company with its principal place of business in Penrose, Colorado.

On August 29, 1997 Toy Biz commenced this action in the Southern District of New York against Centuri for antitrust violations, copyright infringement, trademark infringement and unfair competition. In its complaint, Toy Biz alleges that Centuri committed a number of illegal acts to eliminate Toy Biz as a competitor in the small hobby flying

model rocket market. Toy Biz also alleges that Centuri is using Toy Biz's "READY TO FLY" trademark on its rockets and has copied Toy Biz's copyrighted artwork.[1] Prior to commencing this action, on August 8, 1997, Toy Biz had filed an identical action against Centuri in the Eastern District of Pennsylvania, which action has been voluntarily dismissed.[2]

On September 18, 1997, after Toy Biz filed this action, Centuri commenced a patent infringement and tortious interference with contract action against Toy Biz in the District of Colorado (the "Colorado action") captioned *Centuri Corp. v. Toy Biz, Inc.*, C.A. No. 97–S–2020. In the Colorado action, Centuri claims that Toy Biz's Quest Aerospace model rockets allegedly infringe patents held by Centuri and that Toy Biz tortiously interfered with Centuri's contract with its engine tube supplier. Toy Biz asserted counterclaims in the Colorado action that are the same as the claims it brought in the New York action.

On October 17, 1997 Centuri answered the complaint in the New York action and asserted trademark, copyright and unfair competition counterclaims against Toy Biz; some of the affirmative defenses and counterclaims asserted by Centuri in the New York action encompass claims almost identical to those it made in the Colorado action. On the same day it answered the complaint, Centuri moved to transfer the New York action to the District of Colorado. I heard argument on this motion on November 13, 1997. On December 17, 1997, Toy Biz moved for an order enjoining Centuri from prosecuting the Colorado action and contemporaneously moved the Colorado court to stay the Colorado action pending this Court's determination of the motion to transfer and the motion to enjoin the Colorado action. By Order dated December 23, 1997, the District of Colorado stayed the Colorado action pending this

Court's determination of these two motions. The Colorado court stated: "The New York court should decide whether it would be appropriate to enjoin this action or transfer its action here."

## II. Discussion

### A. Motion to Transfer

■ 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under 28 U.S.C. § 1404(a), the movant bears the burden of showing the availability of an alternative forum and that that forum is clearly more appropriate than the plaintiff's choice of forum. *Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F.Supp. 433, 437 (S.D.N.Y. 1996). The plaintiff's choice of forum is to be given substantial weight and should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's proposed forum, especially where, as here, plaintiff's chosen forum is its principal place of business. *See Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir.1966); *Mibar Enterprises, Ltd. v. NEC Information Systems Inc.*, 745 F.Supp. 193, 195 (S.D.N.Y.1990); *In re Complaint of Connecticut Nat'l Bank*, 687 F.Supp. 111, 113 (S.D.N.Y.1988).

■ The determination whether to transfer an action requires a balancing of conveniences. *Filmline (Cross–Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2nd Cir.1989). In making this determination, the Court is to consider the following factors: plaintiff's choice of forum, location of the operative facts, convenience of the parties and witnesses, location of documents and ease of access to sources of proof, relative means of the parties, the forum's

---

1. Plaintiff's "READY TO FLY" trademark was rejected by the United States Patent and Trademark Office, although this matter is not final and is still pending. The merits of a case, however, are not relevant to a motion to transfer. *Gold v. Scurlock*, 290 F.Supp. 926, 929 (S.D.N.Y.1968); *see also, Pepsico, Inc. v. Board of Trustees of Western Conf. of Teamsters Pension Fund*, 1988 WL 64869 (S.D.N.Y. June 13, 1988).

2. On August 29, 1997, the same day that Toy Biz filed this lawsuit, Centuri answered and moved to transfer the Pennsylvania lawsuit to the District of Colorado. Toy Biz then cross-moved to dismiss the Pennsylvania case without prejudice. Toy Biz's cross-motion was granted on October 2, 1997.

familiarity with the governing law and trial efficiency and the interests of justice. *Paramount Distillers*, 923 F.Supp. at 438. The convenience of the parties and witnesses is generally the most significant factor that a court should consider. *Bicicletas Windsor, S.A. v. Bicycle Corp. of Am.*, 783 F.Supp. 781, 789 (S.D.N.Y.1992).

■ Defendant has presented the Court with several arguments as to why the action should be transferred. Centuri first argues that the convenience of the parties compels transfer. To support this argument, Centuri argues that most of its documents and witnesses are located in Colorado, except for two of its sales representatives who reside in California and Illinois. In addition, Centuri asserts that it has identified seven other non-party witnesses located in Colorado and in Arizona. However, this is not convincing because Toy Biz's headquarters are located in New York and most of Toy Biz's witnesses and relevant documents are located in New York, although some witnesses are located in Arizona. Toy Biz also identified several non-party witnesses who are located in New York and New Jersey. Centuri is thus essentially attempting to shift the inconveniences to the plaintiff, which is not enough to compel transfer. *Sunshine Cellular v. Vanguard Cellular Sys. Inc.*, 810 F.Supp. 486, 501 (S.D.N.Y.1992) (where transfer would merely shift the inconveniences from defendant to plaintiff, the action should not be transferred); *See also Connecticut Nat'l Bank*, 687 F.Supp. at 113 (where balance of factors is equal, plaintiff's choice will not be disturbed). Indeed, if the location of Centuri and its witnesses were enough to compel transfer, plaintiff's forum choice would have little meaning. *Arrow Electronics Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 266 (S.D.N.Y.1989).

Centuri also argues that the activities giving rise to this dispute are based in Colorado because Centuri manufactures the products at issue in Colorado. However, this is an action for trademark infringement, antitrust violations and unfair competition. The allegedly infringing model rockets at issue are sold in the Southern District of New York (as well as throughout the country). Therefore, New York has a significant connection with this dispute. *See Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1154 (S.D.N.Y.1995). In addition, Toy Biz claims that the alleged intimidation of retailers took place all over the country, including New York.[3]

Centuri also argues that transfer is appropriate because Toy Biz has greater resources than Centuri. Although courts can consider the relative means of parties, this factor is not entitled to great weight where plaintiff and defendant are both corporations. *See Arrow Electronics Inc.*, 724 F.Supp. at 266. Centuri further argues that since the Southern District of New York has a more crowded docket than the District of Colorado, this weighs in favor of transfer. While differences in docket crowding are entitled to some weight, this factor is again accorded little weight in this district. *See Sunshine Cellular*, 810 F.Supp. at 501 (S.D.N.Y.1992). Moreover, the existence of Centuri's related lawsuit in Colorado, contrary to Centuri's argument, does not weigh in favor of transfer since the instant action was the first filed. *See Ontel Products*, 899 F.Supp. at 1153; *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 136 (S.D.N.Y.1994).[4] In summary, I find that Centuri has failed to meet its burden of showing that Colorado is clearly more appropriate than the plaintiff's choice of forum. Centuri's motion to transfer is therefore denied.

---

3. Centuri's argument that transfer is appropriate because it will seek application of Colorado law is also not availing. It is unclear whether Colorado law would be applicable to any of the claims and counterclaims in this suit, and, in any event, choice of law is only one of many factors and is accorded little weight on a motion to transfer. *Zangiacomi v. Saunders*, 714 F.Supp. 658, 661 (S.D.N.Y.1989).

4. Centuri argues that although plaintiff's choice of forum is normally entitled to weight, it should be disregarded here because plaintiff originally filed an identical action in Pennsylvania. However, Centuri has cited no authority for this proposition. Moreover, the New York action is nonetheless the first-filed action as between the New York and the Colorado actions.

## B. Motion to Enjoin the Colorado Action

■ When two actions involving the same parties and embracing the same issues are brought in different federal district courts, the court in the first-filed action has the power to enjoin the parties from proceeding in the second action, and indeed, should do so absent a showing of special circumstances that would give priority to the second action. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991); *Ontel Products*, 899 F.Supp. at 1155. Special circumstances that would warrant giving priority to a second-filed suit have been found to be present where the first suit constitutes an "improper anticipatory filing", i.e., one made under a direct threat of imminent litigation, *Ontel Products*, 899 F.Supp. at 1150–51, or where the litigant's filing of the first action was motivated solely by forum-shopping. *Riviera Trading Corp. v. Oakley, Inc.*, 944 F.Supp. 1150, 1158 (S.D.N.Y.1996).

■ Here, I find that the Colorado action involves the same parties and embraces the same issues as the New York action. Both cases involve the sale of certain small hobby model flying rockets. Indeed, Centuri recognized this when it stated in its Memorandum of Law in Support of its Motion to Transfer that both actions "involve the same witnesses and parties and arise out of the manufacturing and distribution of Centuri's 'Goldstrike' model rockets and Toy Biz's Quest Aerospace model rockets." Centuri's Mem. of Law at 18. Moreover, the two causes of action Centuri brings in the Colorado action have been asserted by Centuri in its affirmative defenses and counterclaims in the New York action. Although the two suits are not identical, complete identity of parties and issues is not required for the first-filed rule to apply; the test is whether the second action embraces the issues in the first action. *See Meeropol v. Nizer*, 505 F.2d 232, 235–37 (2d Cir.1974).

There has been no showing of special circumstances to warrant giving priority to the second suit. Contrary to Centuri's argu-

5. This case also does not involve an improper anticipatory filing; the suit was not brought by Toy Biz under threat of litigation by Centuri. Nor does this case involve a race to the court-

ment, I find that "forum shopping" is not a special circumstance that favors the Colorado action in this case. Forum shopping has been found to be present where a suit bears only a slight connection to the action. *Riviera*, 944 F.Supp. at 1158. However, this case has a significant connection to New York; Toy Biz's principal place of business is in New York and the allegedly infringing products are sold in New York. Moreover, Centuri's argument that Toy Biz's filing of the Pennsylvania action indicates that Toy Biz was engaging in forum shopping is not persuasive. Centuri's contention that Toy Biz was apparently concerned about prevailing in Pennsylvania and thus filed the New York suit is pure speculation.[5] Accordingly, the parties are enjoined from prosecuting the Colorado action.

### III. *Conclusion*

For the reasons set forth above, defendant's motion to transfer this action is DENIED and plaintiff's motion to enjoin the Colorado action is GRANTED. The parties shall appear for a pre-trial conference in this matter to complete a pre-trial scheduling order on January 22, 1998 at 12:15 p.m.

**SO ORDERED.**

house as the New York action was filed almost three weeks before the Colorado action. *See Ontel Products*, 899 F.Supp. at 1150; *800–Flowers*, 860 F.Supp. at 132–33.