**CARTIER, division of Richemont North America, Inc., et ano., Plaintiffs,**

v.

**SEAH LLC, et al., Defendants.**

**No. 08 Civ. 4471(LAK).**

United States District Court, S.D. New York.

Jan. 22, 2009.

Milton Springut, Tal S. Benschar, Kalow & Springut LLP, New York, NY, for Plaintiffs.

David L. Ferguson, Jonathan M. Steisfeld, The Kopelowitz Ostrow Firm, P.A., Ellie Alexandra Levy, Frank Herrera, Rothstein Rosenfeldt Adler, Fort Lauderdale, FL, Jamie Beth Kennedy, Anthony Disarro, Winston & Strawn LLP, Richard Evan Weltman, Weltman & Moskowitz, LLP, New York, NY, for Defendants.

Tal S. Benschar, Kalow & Springut LLP, New York, NY, for Counter Defendants.

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, District Judge.

This is an action by Cartier, division of Richemont North America, Inc., and Cartier International, N.V. for alleged infringement of the trade dress for its Pasha de Cartier line of watches, the design of which is registered as a trademark on the principal register of the U.S. Patent and Trademark Office. Defendants are Seah LLC ("Seah"), its managing member Rachel Levy, and Skymall, Inc. ("Skymall"). The essence of the claim is that Seah's Zodiac watch collection infringes the trade dress for Cartier's Pasha line. The matter is before the Court on the motion of Seah and Levy to dismiss for lack of personal jurisdiction and improper venue.[1]

### Facts

Seah is a limited liability company with its sole place of business in Sunrise, Florida. Levy presumably has a residence there as well, and denies that she owns or leases real property, does or transacts business, maintains bank accounts, or owns or operates businesses in New York.[2] The case for jurisdiction, however, rests on other considerations.

Seah has a marketing arrangement with Skymall pursuant to which it advertises its products in a Skymall catalog that is distributed through airlines throughout the United States and on a Skymall web site. During the period April through June 2008, more than 5 million copies of the catalog, containing Seah's advertisement, were distributed to airlines, over 150,000 of which were delivered by Skymall to New York locations for placement on flights originating from New York airports.

To date, Seah's sales have been quite limited. Only one sale has been made to an address in New York State, and that was to fill an order placed by a paralegal employed by plaintiffs' counsel.

### Discussion

At the outset, it is well to note that the amended complaint alleges—and Levy has not denied—that Levy is the dominant and active force behind the allegedly infringing acts and that she engaged in those acts for her own individual gain and benefit. En consequence, Levy does not dispute that there is jurisdiction over her if jurisdiction exists over Seah. Accordingly, I turn to the jurisdiction question with respect to Seah.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing jurisdiction. The applicable standard depends upon the procedural context in which the jurisdictional challenge is raised.[3] Where no discovery has taken place, the plaintiff need make only a *prima facie* showing of jurisdiction "by pleading in good faith, . . . legally sufficient allegations of jurisdiction."[4] If, as

---

**1.** The motion seeks, in the alternative, a transfer to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). That aspect of the motion was denied from the bench on January 21, 2009.

**2.** Her declaration falls considerably short of a complete denial of possibly relevant contacts with New York. For example, she does not deny the existence of a New York residence (perhaps owned of record by her husband, an owner of hotels, or some family entity), that she spends time here, that she has other property (such as brokerage accounts) here, and the like. Nevertheless, as the burden of pleading and, ultimately, proving jurisdiction is on the plaintiffs, I do not take this into account on this motion.

**3.** *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

**4.** *Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir.1998) (quoting *Ball,* 902 F.2d at 197) (internal quotations marks omitted); *ac-*

is the case here, affidavits are submitted, the Court is to resolve factual disputes in the plaintiff's favor.[5]

■ Analysis of personal jurisdiction requires a two-step inquiry. A court first must determine whether the law of the state in which the action was commenced would permit the exercise of personal jurisdiction by courts of general jurisdiction in that state. Second, the court must determine whether the exercise of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment.[6]

■ As a general proposition, trademark infringement occurs "where the passing off occurs."[7] The offering for sale of even one copy of an allegedly infringing item, even if no sale results, is sufficient to give personal jurisdiction over the alleged infringer under N.Y. CPLR § 302(a), subd. 1, 2 and 3.[8] In consequence, Seah's sale of the single watch to plaintiffs' paralegal alone seems sufficient for the exercise of personal jurisdiction. Defendants nevertheless argue that the fact that the paralegal worked for plaintiffs' counsel requires that that transaction be ignored in the jurisdictional analysis.

■ There are, to be sure, a number of district court decisions—probably a majority—that have taken this view. But I find more persuasive Judge Sweet's contrary opinion in *Mattel, Inc. v. Adventure Apparel*.[9] As he pointed out, "[t]he fact that the sale was made to an agent of [plaintiff] is irrelevant ... because [defendant's] activities were purposeful and there was a substantial relationship between the transaction and the claim asserted."[10] To put it a different way, the fact that the purchaser happened to be an investigator in plaintiffs' employ does not go to the question whether Seah purposefully availed itself of the privilege of doing business in New York. So in the absence of evidence that Seah was "entrapped" into making a sale into the State of New York that it would not have made but for some coercion or trickery, the sale to the investigator should not be disregarded. Seah neither has made, nor could have made, such a showing.

This in my view would be a sufficient basis for denying defendants' motion. But there is more. Here, Seah advertised its wares through the Skymall catalog, which is distributed nationally on airplanes. Given the substantial air traffic that originates in New York, that distribution significantly targeted New York residents, among others. Moreover, over 150,000 copies of the catalog containing Seah's advertisement foreseeably were distributed to airline locations in New York State for placement on flights originating from this state. I

cord *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir.2003).

5. See *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.2001); *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

6. See *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002); Fed. R. Civ. P. 4(k)(1)(A).

7. *Bensusan Rest. Corp. v. King*, 937 F.Supp. 295, 299 (S.D.N.Y.1996) (internal quotation marks omitted), *aff'd*, 126 F.3d 25 (2d Cir. 1997).

8. See *Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F.Supp. 433, 436–37 (S.D.N.Y.1996); *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F.Supp. 175, 179 (S.D.N.Y. 1995); J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 32:39, at 32–71 to 32–75 (4th ed. 2008).

9. No. 00 CIV. 4085(RWS), 2001 WL 286728 (S.D.N.Y. Mar. 22, 2001).

10. *Id.* at *3.

reject the contention that this activity, coupled with the one sale of the allegedly infringing item to a New York customer, is insufficient to justify the exercise of personal jurisdiction under the New York long arm statute or to establish the minimum contacts required to ensure that haling plaintiffs into this Court comports with due process.

 Nor do I find any valid objection to venue here. Venue is proper where, among other things, a substantial part of the acts or omissions complained of occurred in the district.[11] Here, plaintiffs complain of Seah's sale and offering for sale of the allegedly infringing watches in this district. The single New York sale and the distribution in New York of more than 150,000 copies of the Skymall catalog both are material to the claims in suit. Venue therefore is proper.

### Conclusion

Accordingly, the motion of defendants Seah and Levy to dismiss for lack of personal jurisdiction or improper venue [docket item 15] is denied in all respects.

SO ORDERED.

---

11. *See Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 432–33 (2d Cir.2005).